**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JAMES BLASSINGAME and SIDNEY HEMBY,<br><br>     Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP,<br><br>     Defendant. | Civil Action No.  1:21-cv-858-APM<br>Judge Amit P. Mehta |
| HON. BENNIE G. THOMPSON, *et al.*,<br><br>     Plaintiffs,<br><br>     v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>     Defendants. | Civil Action No.  1:21-cv-400-APM<br>Judge Amit P. Mehta |
| HON. ERIC SWALWELL,<br><br>     Plaintiff,<br><br>     v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>     Defendants. | Civil Action No.  1:21-cv-586-APM<br>Judge Amit P. Mehta |

**MOTION OF CAMPAIGN LEGAL CENTER ACTION FOR LEAVE
TO FILE *AMICUS CURIAE* BRIEF IN SUPPORT OF THE
<u>BRIEFS IN OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS</u>**

1

Campaign Legal Center Action ("CLC") respectfully moves under LCvR 7(o) for leave to file the attached *amicus curiae* brief in support of Plaintiffs' briefs in opposition to Defendants' motions to dismiss in the three above-captioned cases. In support of this motion, CLC states the following:

1. Proposed *amicus curiae* CLC is a nonpartisan, nonprofit organization that has been working for more than fifteen years to advance democracy through law. CLC and its affiliates have litigated many voting rights cases in federal courts, including as arguing counsel for the plaintiffs in the United States Supreme Court in *Gill v. Whitford*, 138 S. Ct. 1916 (2018) and *Husted v. A. Philip Randolph Institute*, 138 S. Ct. 1833 (2018), and as counsel for plaintiffs in *Veasey v. Abbott*, 830 F.3d 216 (5th Cir. 2016) (en banc) (challenging Texas's photo ID law), and *Jones v. DeSantis*, 975 F.3d 1016 (11th Cir. 2020) (en banc) (challenging Florida's felony disenfranchisement law). CLC has filed *amicus curiae* briefs in every major voting rights case before the Supreme Court in recent years, including *Brnovich v. Democratic National Committee*, No. 19-1257 (2021), *Cooper v. Harris*, 137 S. Ct. 1455 (2017), *Evenwel v. Abbott*, 136 S. Ct. 1120 (2016), and *Shelby County v. Holder*, 570 U.S. 529 (2013). CLC also submitted *amicus curiae* briefs in recent district court cases involving claims of voter intimidation brought under a different section of the same statute involved in this case, 42 U.S.C. § 1985(3), as well as Section 11(b) of the Voting Rights Act of 1965. *See New York Immigr. Coal. v. Rensselaer Cty. Bd. of Elections*, No. 1:19-cv-920 (N.D.N.Y. 2019); *Cockrum v. Donald J. Trump for President*, No. 3:18-cv-00484-HEH (E.D. Va. 2018); *LULAC v. Public Interest Legal Foundation*, No. 1:18-cv-00423 (E.D. Va. 2018). Proposed *amicus curiae* CLC has a demonstrated interest and expertise in the protection of voting rights and the health of our democracy,

and the interpretation and application of laws that protect the functioning of the democratic process, including the Reconstruction-era civil rights laws.

2. This Court has "broad discretion" to grant leave to participate as *amicus curiae*. See *Nat'l Ass'n of Home Builders v. U.S. Army Corps of Eng'rs*, 519 F. Supp. 2d 89, 93 (D.D.C. 2007). "The filing of an amicus brief should be permitted if it will assist the judge 'by presenting ideas, arguments, theories, insights, facts or data that are not to be found in the parties' briefs.'" *Northern Mariana Islands v. United States*, No. 08-1572, 2009 WL 596986, at *1 (D.D.C. Mar. 6, 2009) (quoting *Voices for Choices v. Ill. Bell Tel. Co.*, 339 F.3d 542, 545 (7th Cir. 2003)). Courts have routinely permitted third parties to participate as *amici curiae* when they "are of aid to the court and offer insights not available from the parties," *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 n.1 (S.D.N.Y. 1994), and when they have "relevant expertise and a stated concern for the issues at stake in [the] case," *District of Columbia v. Potomac Elec. Power Co.*, 826 F. Supp. 2d 227, 237 (D.D.C. 2011). "The primary role of the amicus is to assist the Court in reaching the right decision in a case affected with the interest of the general public." *Russell v. Bd. of Plumbing Examiners*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

3. Accordingly, courts in this district normally allow *amicus curiae* participation when the *amicus* has "a special interest in th[e] litigation as well as a familiarity and knowledge of the issues raised therein that could aid in the resolution of th[e] case." *Ellsworth Assocs. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996). This Court in particular has granted leave for organizations to participate as *amicus curiae* in multiple cases involving civil rights or structural democracy issues, such as those involved in this case. *See, e.g., Democracy Forward Found. v. Dep't of Just.*, 354 F. Supp. 3d 55, 58 (D.D.C. 2018);

*Confederated Tribes of Chehalis Rsrv. v. Mnuchin*, 456 F. Supp. 3d 152, 159 (D.D.C. 2020); Minute Order, *CREW v. Nat'l Archives and Records Admin.*, No. 1:20-cv-739-APM (D.D.C. Aug. 10, 2020); Minute Order, *Alfa Int'l Seafood v. Ross*, No. 1:1-cv-00031-APM (D.D.C. May 9, 2017).

4. CLC's participation in this case is "desirable" and would provide a perspective "not adequately represented by a party" under LCvR 7(o)(2) because CLC possesses both relevant expertise and a unique understanding of the issues that may aid the Court's resolution of the Section 1985(1) claims involved here. CLC, as a nonpartisan and nonprofit subject-matter expert on democracy issues and civil rights law, will provide the type of distinct point of view and aid to the Court that current parties do not provide.

5. CLC's *amicus curiae* brief will not raise new or extraneous issues but will instead focus only on providing assistance on the complex legal issues "relevant to the disposition of the case." LCvR 7(o)(2). Resolving these complexities concerning the proper interpretation and application of 42 U.S.C. § 1985(1) will include distilling voluminous legislative history, accumulating and interpreting various historical source material, piecing arcane and sparse legal authority, and contextualizing the provisions at issue in the general Reconstruction Era civil rights framework. CLC's brief seeks to provide a detailed explication of these issues and serve as a resource for the Court.

6. CLC files its motion in a manner that will not "unduly delay the Court's ability to rule on any pending matter." LCvR 7(o)(2). CLC attaches its proposed *amicus curiae* brief to this motion and does so at a stage when the parties' briefing on the Defendants' various motions to dismiss is ongoing in all three of the above-captioned cases. This timing will also allow

Defendants sufficient time to respond to CLC's brief in their reply briefs, and will provide the Court ample opportunity to review CLC's brief prior to oral argument.

7. Plaintiffs in the three above-captioned cases have consented to the filing of this brief. The Trump Defendants in the three above-captioned cases do not oppose the motion. Defendant Giuliani opposes the motion with respect to *Swalwell v. Trump*, No. 1:21-cv-00586-APM (D.D.C.), and *Thompson v. Trump*, No. 1:21-cv-00400-APM (D.D.C.). Defendant Oathkeepers opposes the motion with respect to *Thompson v. Trump*, No. 1:21-cv-00400-APM (D.D.C.).

8. Under Federal Rule of Appellate Practice 29(a)(4), cross-applied in LCvR 7(o)(5), proposed *amicus curiae* CLC certifies that it has no parent corporation and does not issue stock, and therefore that no publicly held company owns 10% or more of the organization's stock. Moreover, CLC certifies that it authored the attached brief in its entirety, and no person or entity other than CLC made a monetary contribution to this brief's preparation or submission.

9. Because CLC has experience and a unique perspective regarding the difficult legal issues presented in these cases and will aid the Court in resolving those issues without duplicating or delaying the litigation, the Court should grant CLC's motion for leave to file its *amicus curiae* brief in support of Plaintiffs and in opposition to the Defendants' motions to dismiss.

For the foregoing reasons, leave to file the attached *amicus curiae* brief should be granted. A proposed order is also attached to this motion.

Date: July 8, 2021

        Respectfully submitted,

        <u>/s/ Paul M. Smith</u>

        CAMPAIGN LEGAL CENTER ACTION
        Paul M. Smith (D.C. Bar No. 358870)
        Adav Noti (D.C. Bar No. 490714)
        Mark P. Gaber (D.C. Bar No. 988077)
        Jonathan Diaz (D.C. Bar No. 1613558)
        Hayden Johnson (*pro hac vice forthcoming*)
        1101 14th Street, NW, St. 400
        Washington, D.C. 20005
        (212) 736-2000

        *Counsel for Amicus Curiae*
        *Campaign Legal Center Action*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2021, a copy of the foregoing was filed with the Clerk using the Court's CM/ECF system, which will send a copy to all counsel of record.

                Respectfully submitted,

                /s/ Paul M. Smith
                Paul M. Smith
                *Counsel for Amicus Curiae*

## CERTIFICATE OF COMPLIANCE

In accordance with Local Rules 5.1(d) and 7(o)(4), I hereby certify that the attached brief has been prepared in a proportionally spaced typeface in Microsoft Word, in 12-point Times New Roman font, and does not exceed 25 pages.

Respectfully submitted,

/s/ Paul M. Smith
Paul M. Smith
*Counsel for Amicus Curiae*