# Exhibit A

**ZOE LOFGREN, CALIFORNIA**
CHAIRPERSON

MARY GAY SCANLON, PENNSYLVANIA
VICE CHAIRPERSON

JAMIE RASKIN, MARYLAND
G.K. BUTTERFIELD, NORTH CAROLINA
PETE AGUILAR, CALIFORNIA
TERESA LEGER FERNANDEZ, NEW MEXICO

JAMIE FLEET
STAFF DIRECTOR

**One Hundred Seventeenth**
**Congress of the United States**
**House of Representatives**

COMMITTEE ON HOUSE ADMINISTRATION
1309 LONGWORTH HOUSE OFFICE BUILDING
WASHINGTON, DC 20515–6157
202–225–2061 | CHA.HOUSE.GOV

**RODNEY DAVIS, ILLINOIS**
RANKING MINORITY MEMBER

BARRY LOUDERMILK, GEORGIA
BRYAN STEIL, WISCONSIN

TIM MONAHAN
MINORITY STAFF DIRECTOR

July 23, 2021

Brian M. Boynton
Acting Assistant Attorney General, Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001

Dear Mr. Boynton:

    I am writing regarding the June 11, 2021, letter from Acting United States Attorney Channing D. Phillips to House General Counsel Douglas N. Letter about *Swalwell v. Trump*, 1:21-cv-00586-APM (D.D.C.). Mr. Letter has forwarded this communication to me since I chair the Committee on House Administration. I note that subsequently, Representative Mo Brooks filed a motion with the court pursuant to 28 U.S.C. § 2679(d)(3) seeking the court's certification that he "was acting within the scope of his office or employment as a Member of Congress (and, hence, employee of the United States of America) … with respect to all or some Swalwell Complaint Counts."[1]

    In general, official conduct by Members of the House of Representatives is subject to a range of restrictions imposed by federal law, House Rules, and regulations of various House committees and entities. In the 116th Congress, all Members of the House were required to complete annual ethics training, which includes training in the "Code of Official Conduct and related House rules."[2] Also, Representative Brooks acknowledges these limitations in his motion, stating that,

> Pursuant to U.S. Constitution Article I, Section 5 and via its rules and procedures, Brooks is subject to the will and rules of the House. By way of example but not limitation, the House controls … what Brooks may or may not say on the House Floor, what ethical obligations control Brooks' conduct, whether Brooks may be expelled from Congress, and the like.[3]

---

[1] Def.'s Pet. to Certify Def. Mo Brooks was Acting Within the Scope of His Office or Employment 1, ECF No. 20 (docketed July 2, 2021).
[2] House Rule XI, cl. 3(a)(6)(B)(ii).
[3] Def.'s Pet. 5, ECF No. 20.

Among other things, the standards of conduct that apply to Members place limitations on whether Members are authorized to engage in certain activity on official time, in official space, and using official funds.  Conduct that violates a criminal statute, that is personal in nature, or that is primarily campaign or political in nature is outside the scope of a Member's official and representational duties.

Conduct that violates a criminal statute is outside the scope of official duties.  Whether or not Representative Brooks's conduct was a violation of criminal law is a question to be answered by prosecutors and juries, so it is not addressed here.

Conduct that is personal in nature is outside the scope of official duties.  Members face numerous restrictions on the use of official resources for personal activity, as the Committee on House Administration and other authorities advise Members.[4]  None have suggested that Representative Brooks's conduct was personal in nature, so that is not addressed here.

Conduct that is campaign or political in nature is also outside the scope of official duties and not permissible official activity.  For example, regulations of the Committee on House Administration provide that a Member may use their official funds only for "official and representational expenses," and "may not pay for campaign expenses" or "campaign-related political party expenses with such funds."[5]

Similarly, the Committee on Ethics notes that, "Official resources of the House must, as a general rule, be used for the performance of official business of the House, and hence those resources may not be used for campaign or political purposes."[6]  For purposes of this rule, "official resources" includes not only official funds, but "goods and services purchased with those funds," "House buildings, and House rooms and offices," "congressional office equipment," "office supplies," and "congressional staff time."[7]  The limitations on the authorized use of official time and space for campaign or political purposes extends to activities such as "the drafting of campaign speeches, statements, press releases, or literature."[8]  Moreover, the scope of campaign or political activities that may not be conducted with official resources is not limited to the Member's own re-election campaign.  As the Committee on Ethics explains:

> Members and staff should be aware that the general prohibition against campaign or political use of official resources applies not only to any Member campaign for re-election, but rather to any campaign or political undertaking.  Thus the prohibition applies to, for example, campaigns for the presidency, the U.S. Senate, or a state or local office, and it applies to such campaigns whether the Member is a candidate or is merely seeking to support or assist (or oppose) a candidate in such a campaign.[9]

---

[4] *See e.g.* Comm. on H. Admin, *Members' Congressional Handbook* 117th Cong. (adopted July 25, 2018, updated July 2, 2021) [hereinafter *Members' Handbook*].
[5] *Members' Handbook* 2; *see also* 31 U.S.C. § 1301(a).
[6] Comm. on Ethics, "General Prohibition Against Using Official Resources for Campaign or Political Purposes," available at https://ethics.house.gov/campaign/general-prohibition-against-using-official-resources-campaign-or-political-purposes.
[7] *Id*.
[8] *Id*.
[9] *Id*.

In his motion, Representative Brooks represents to the court that he intended his January 6, 2021, speech to incite action by the thousands of attendees with respect to election activity. Representative Brooks states that he sought "to encourage Ellipse Rally attendees to put the 2020 elections behind them (and, in particular, the preceding day's two Georgia GOP Senate losses) and to inspire listeners to start focusing on the 2022 and 2024 elections, which had already begun."[10] For example, Representative Brooks affirms that in his speech, he said, "**Today is a time of choosing, and tomorrow is a time for fighting.**"[11]  According to Representative Brooks, the first half of that statement, "Today is a time of choosing," is not a "call for violence," but is instead a reference to "[w]hich Senators and Congressmen to support, and oppose, in future elections."[12] Further, he explains that the second half of that statement, "tomorrow is a time for fighting," is a reference to "fighting" "[t]hose who don't vote like citizens prefer … in **future elections**, as is emphasized later in the speech."[13]

Similarly, Representative Brooks also declares that in his speech, he said, that "**the 2022 and 2024 elections are right around the corner**" and that "**As such, today is important in another way, today is the day American patriots start taking down names and kicking ass.**"[14] As he said "the 2022 and 2024 elections are right around the corner," Representative Brooks withdrew a red cap that stated "FIRE PELOSI" from his coat, donned the cap, and wore it for the remainder of his speech.[15]  Representative Brooks says that, "The phrase, 'As such' emphasizes that the second sentence is in the context of the first sentence's '2022 and 2024 elections' time frame … and the desire to beat offending Republicans in those elections!"[16]  He asks and answers his own question about the timing:  "When do citizens kick those Republican asses?  As stated in the first sentence, in the '2022 and 2024 elections that are right around the corner.'"[17]  He later affirms that, "My 'kicking ass' comment referred to what patriotic Republicans needed to do in the 2022 and 2024 elections and had zero to do with the Capitol riot."[18]

Representative Brooks proclaims that his message was, "Once we get and 'take down' their names, our task is to 'kick their ass' in the 2022 and 2024 elections."[19]  Representative Brooks summarizes to the court his speech's purpose and its request of rally attendees this way:

> As the transcript of my Ellipse Speech establishes, the only 'clear call to action' I requested of the Ellipse Rally attendees was to:
>
> - Chant 'USA', thus exercising their First Amendment Rights
> - Take down the names of those Congressmen and Senators they want to beat in the 2022 & 2024 elections

---

[10] Def.'s Pet. 19, ECF No. 20.
[11] Def.'s Pet. 14, ECF No. 20 (emphasis original).
[12] Def.'s Pet. 14 n.21, ECF No. 20.
[13] Def.'s Pet. 14 n.22, ECF No. 20 (emphasis original).
[14] Def.'s Pet. 16, ECF No. 20 (emphasis original).
[15] *Campaign 2020:  Rally on Electoral College Certification* (C-SPAN television broadcast Jan. 6, 2021) (see portion of speech by Rep. Brooks at 44:12) available at https://www.c-span.org/video/?507744-1/rally-electoral-college-vote-certification.
[16] Def.'s Pet. 16 n.28, ECF No. 20 (emphasis and ellipses original).
[17] Def.'s Pet. 16-17 n.28, ECF No. 20 (emphasis original).
[18] Def.'s Pet. 54, ECF No. 20.
[19] Def.'s Pet. 57, ECF No. 20.

- In the 2022 & 2024 elections, beat (kick the ass of) those Congressmen and Senators whose names were taken down (because they did not vote the way Ellipse Rally attendees believed they should vote).[20]

Essentially, in deflecting the allegation that his speech was an incitement to violence, Representative Brooks has sworn under oath to the court that his conduct was instead in furtherance of political campaigns. As noted, standards of conduct that apply to Members and precedents of the House are clear that campaign activity is outside the scope of official duties and not a permissible use of official resources.

If you have any questions, please contact the Committee at (202) 225-2061.

Sincerely,

Zoe Lofgren
Chairperson


CC: Representative Mo Brooks
Ranking Member Rodney Davis, Committee on House Administration
Douglas N. Letter, General Counsel to the House of Representatives

---

[20] Def.'s Pet. 59, ECF No. 20.