## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

**ERIC SWALWELL,**

      **Plaintiff,**

**v.**                                **Civil Case Number:  1:21-CV-586 APM**

**DONALD J. TRUMP, DONALD J. TRUMP, JR., REPRESENTATIVE MO BROOKS (Pro Se) & RUDOLPH GIULIANI,**

      **Defendants.**

### MOTION TO STRIKE SWALWELL BRIEF FALSE "FACTS"

Defendant Mo Brooks ("Brooks") Moves to Strike false "facts" asserted, unsupported, yet relied on in Swalwell's "Opposition to Petition to Certify Defendant Mo Brooks Was Acting Withing the Scope of His Office or Employment" (herein "Swalwell Brief").

The Swalwell Brief offers zero <u>evidence</u> in response to Brooks' Petition to Certify. Rather, Swalwell asks this Court to assume, without a shred of evidence of any kind (other than that presented by Brooks), that Swalwell's Complaint allegations are all true.

Hence, the Swalwell Brief improperly relies on pleading <u>allegations</u> that are false, unsupported by evidence,[1] and rebutted by evidence.

The Department of Justice's (herein "DoJ") Brief, p. 6, accurately states the crux of this Motion to Strike, to-wit:

---

[1] As the word "evidence" is used in the Federal Rules of Evidence.

The Department's decision regarding scope-of-employment certification "is conclusive unless challenged. Accordingly, the party seeking review bears the burden of presenting evidence and disproving the [Department's] decision to grant or deny scope of employment certification by a preponderance of the evidence." (Emphasis added).  Saleh v. Bush, 848 F.3d 880, 889 (9th Cir. 2017) (quoting Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993)); see also Wilson v. Libby, 535 F.3d 697, 711 (D.C. Cir. 2008); Lyons v. Brown, 158 F.3d 605, 610 (1st Cir. 1998); S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1543 (11th Cir. 1990), amended, 924 F.2d 1555 (11th Cir. 1991).

Brooks has presented evidence:  sworn statements.  Once done, Swalwell must either accept Brooks' statements as true or offer rebuttal evidence.  Swalwell offers zero evidence supporting the Swalwell Complaint or the Swalwell Brief.

Hence, the Swalwell Brief's claim that "the underlying facts of this case are alleged in detail in the Complaint, and summarized in other pleadings as well" is incorrect.  The only facts before this court are the evidence presented by Brooks and the DoJ.  Further, the only time Swalwell can rely on his Complaint allegations concerning Petition to Certify merits is when the Complaint allegations are not rebutted by evidence (such as Brooks' sworn statements).

This Court should not rely on rumors; wild, baseless allegations; politically-motivated, partisan hype; surmises and the like.  Rather, this Court must rely on, and its decision be based on, actual evidence and proof.

Brooks moves to strike and moves this Court to not consider the following false "facts" asserted in the Swalwell Brief:

1.     Strike "he suggests that he is an employee not of the government he attacked but of his constituents, see Petition ("Pet.") at 4-5 (arguing that he is "controlled" by his constituents), and was merely serving their interests on January 6." Swalwell Brief, p. 1.  This alleged "fact" is a conclusory statement that distorts and conflicts with Brooks' sworn statements, the only evidence before this Court.  By way of but one example, Brooks' sworn statement is that the employment relationship of a Member of Congress is unusual and difficult to put into a single cubby hole.  A Congressman is controlled by the U.S. Government (who pays the paycheck); is controlled by the citizens who, every two years, decides whether to hire or fire; is controlled by the will and rules of the House of Representatives; and is sworn to support and defend the Constitution.  See, by way of example but not limitation, Petition to Certify Affidavit, ¶¶ 3, 4, 5, 6.

2.     Strike "he claims that in his speech on January 6 he mainly was just whipping up support for the 2022 and 2024 elections—that his speech wasn't primarily about what the crowd whose members had traveled so far to be there that day should do that day, but what they should do in the next two elections. See, e.g., id. at 14, 16, 19.." Swalwell Brief, p. 1.  This alleged "fact" is a conclusory statement that distorts and conflicts with Brooks' sworn statements, the only evidence before this Court. In his sworn statements, Brooks identifies the many different things Brooks' Ellipse Speech was about and many different motivations that supported attendance.  It was not "just whipping up support for the 2022 and 2024 elections". See, by way of example but not limitation, Petition to Certify Affidavit, ¶¶ 7, 9, 10, 11, 62.  Verified Reply to Briefs, ¶¶ 20, 37, 58-64, 72-73.

3.      Strike "Worse still, in alleging that he is essentially an employee of his constituents, Congressman Brooks has identified a "master" who exercises no control over his day-to-day activities."  Swalwell Brief, p. 1.  Inasmuch as the premise is false (¶1 above), this conclusory statement is also false, rebutted by evidence, and unsupported by any evidence.  The people and governmental entities who control Members of Congress are simply not as simplistic as what Swalwell claims as fact. See, by way of example but not limitation, Petition to Certify Affidavit, ¶¶ 3, 4, 5, 6.

4.      Strike "in claiming the latter, Brooks has admitted to engaging in the kind of campaign and political activity that courts routinely identify as falling outside the scope of elected officials' duties and which the House itself says may not be done with official resources.  In other words, by expressly framing his conduct as having been conducted within his campaign capacity, Brooks effectively concedes that that conduct was not within the scope of his employment."  Swalwell Brief, p. 2.  Inasmuch as the premise is false (¶2 above), this conclusory statement is also false, rebutted by evidence, and unsupported by any evidence.  See, by way of example but not limitation, Petition to Certify Affidavit, ¶¶ 3, 4, 5, 6, 7, 9, 10, 11, 62.  Verified Reply to Briefs ¶¶ 37, 58-64, 72-73.

5.      Strike "Brooks cannot show that his actions in inciting a deadly riot were somehow within the scope of his federal employment."  Swalwell Brief, p. 2.  There is no evidence before this Court that Brooks "incit(ed) a deadly riot" and, to the contrary, the only evidence before this Court is that Brooks did not incite a deadly riot.  In any event, this statement of "fact" is conclusory statements that relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  See, by way of example

but not limitation, Petition to Certify Affidavit, ¶ 62.  Verified Reply to Briefs ¶¶ 50-57, 65-71.

6.     Strike "thousands of Trump's supporters had been called to the District for the express purpose of marching on the Capitol.  Brooks and the others addressed perhaps their most incendiary rhetoric yet to that crowd."  Swalwell Brief, pp. 2-3.  This asserted "fact" relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  In particular, there was not any call to "march <u>on</u> the Capitol", the call was to march <u>to</u> the Capitol grounds.  Further, Brooks addressed a peaceful rally at the Ellipse, where there was no violence.  Brooks never addressed a different crowd (albeit one that overlaps to some degree with the Ellipse crowd) <u>at</u> the Capitol roughly four hours after Brooks gave his Ellipse Speech.  See, by way of example but not limitation, Verified Reply to Briefs ¶¶ 50-57, 65-71.

7.     Strike the entire Swalwell brief "Section A" (Swalwell Brief, pp. 3-4) because it is either material (relating to defendants other than Brooks; Brooks has sworn under oath that there was no conspiracy or the like among defendants) or the "facts" are conclusory statements that rely on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  Further, and as sworn to by Brooks, there is substantial evidence of systemic flaws in America's election system and that the reported 2020 election results are highly unlikely to accurately reflect the lawful votes cast by eligible American citizens.  See, by way of example but not limitation, Verified Reply to Briefs ¶¶ 50-57, 65-71, 72-73.

8.     Strike "The January 6 rally was organized and run by a political campaign, Donald J. Trump for President. Compl. ¶97."  Swalwell Brief, p. 4.  The facts in Brooks'

sworn statements conflict with this Complaint allegation and suggest otherwise.  As

such this assertion relies on pleading allegations that are false, unsupported by

evidence, and rebutted by evidence.  See, by way of example but not limitation, Verified

Reply to Briefs ¶¶ 10-23.

9.     Strike "Brooks himself swears that he had no plans to even attend the rally

until Trump invited him to speak at it on January 5. Pet. at 11, 32."  Swalwell Brief, p. 4.

This assertion relies on pleading allegations that are false, unsupported by evidence,

and rebutted by evidence.  In particular, Brooks' sworn statement denies Trump invited

Brooks to speak at the Ellipse Rally (the invitation was extended by a White House

staffer).  See, by way of example but not limitation, Verified Reply to Briefs ¶¶ 10, 13,

20, 21, 58-64.

10.    Strike Brooks "accepted the invitation and coordinated with the Trump

campaign about the speech's "parameters." Id. at 11."  Swalwell Brief, p. 4.  This

assertion relies on pleading allegations that are false, unsupported by evidence, and

rebutted by evidence.  In particular, the "parameter" discussion was between Brooks

and a White House staffer.  For clarity, the "parameter" discussion was about the

speech start time, the speech length, the speech place, and the logistics of getting into

and out of the Ellipse Rally area.

11.    Strike "And it had been widely known that some of Trump's supporters had

responded to such allegations with political violence."  Swalwell Brief, p. 4. This

assertion is immaterial to the matter before this Court and relies on pleading allegations

that are false, unsupported by evidence, and rebutted by evidence.  Prior to January 6,

2021, Brooks had seen significant parts of various Trump rallies on TV.  Not once did

Brooks ever see any violence erupt after any Trump rally.  On most days, Brooks reads dozens of news articles that relate to politics and political events.  Brooks cannot recall reading a single article, or seeing a single TV news cast, that describes significant violence erupting after any Trump rally.  See, by way of example but not limitation, Verified Reply to Briefs ¶¶ 22,23.

12.   Strike "Congressman Brooks claims that what he was really doing on January 6 was campaigning for the 2022 and 2024 elections."  Swalwell Brief, p. 5. This assertion is made up, relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  Brooks has never said "that what he was really dong on January 6 was campaigning for the 2022 and 2024 elections."  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs. This allegation is too voluminous to include the multitude of verified statements it violates.

13.   Strike "Despite claiming, for example, that Brooks did not personally post all of the tweets identified in the Complaint, see Brooks Aff. ¶¶29-35, the Petition never disavows their contents or claims they were unauthorized."  Swalwell Brief, p. 6.  This assertion relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  In particular, Brooks' sworn statement has denied the factual accuracy of one or more tweets lumped into Swalwell's Complaint.  See, by way of example but not limitation, Verified Reply to Briefs ¶ 21.

14.   Strike "the Petition does not deny that Brooks was aware that Trump's followers repeatedly had responded to Trump's election fraud claims with political violence, as specifically detailed in the Complaint."  Swalwell Brief, p. 6.  While the

"Petition does not deny" phrase is accurate, Brooks has sworn that he was <u>unaware</u> of the remainder of the allegation and, as such, this allegation should be stricken or rebutted with evidence.  See, by way of example but not limitation, Verified Reply to Briefs ¶¶ 22,23.

15.    Strike "he engaged in that conduct in his campaign capacity rather than his official capacity."  Swalwell Brief, p. 8.  This assertion is conclusory and relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence. See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

16.    Strike "Brooks now claims that his speech was primarily a campaign speech for the 2022 and 2024 elections. See, e.g., Pet. at 14, 16, 19."  Swalwell Brief, p. 14. This is unsupported by evidence, rebutted by evidence, and badly misstates Brooks' sworn statements.  Brooks never stated that Ellipse Speech was a "campaign speech for the 2022 and 2024 elections", or any other election.  Further, Brooks' sworn statements make clear that Brooks was motivated to do the Ellipse Speech for a variety of reasons, not just one as Swalwell alleges in this statement. Did Brooks seek to inspire citizens to generically do their civic duty by participating in the 2022 and 2024 elections?  Yes.  Did Brooks "campaign" for or support any candidate in any 2022 or 2024 election?  No.  Did Brooks "campaign" for or support any political party in any 2022 or 2024 election?  No.  ."  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

17.   Strike "Indeed, the House itself has so determined. In a letter attached to House Counsel's filing today, Congresswoman Zoe Lofgren, Chair of the Committee on House Administration, explains that Brooks' sworn testimony "that his conduct was . . . in furtherance of political campaigns" means that activity necessarily was "outside the scope of official duties," ECF No. 32-1 at 4 (emphasis added)."  Swalwell Brief, p. 14. Political opponent Lofgren's personal opinion about what the House Ethics Rules say or don't say is immaterial and subservient to the House Ethics Rules themselves (which are before this Court).  The House Ethics Rules themselves are the best evidence of what the House Ethics Rules say or don't say, permit or don't permit.

18.   Strike "he claims that what he was really doing on January 6 was campaigning for the 2022 and 2024 elections."  Swalwell Brief 15. This is unsupported by evidence, rebutted by evidence, and badly misstates Brooks' sworn statements. Brooks never stated that Ellipse Speech was a "campaign speech for the 2022 and 2024 elections", or any other election.  Further, Brooks' sworn statements make clear that Brooks was motivated to do the Ellipse Speech for a variety of reasons.  Did Brooks seek to inspire citizens to generically do their civic duty by participating in the 2022 and 2024 elections?  Yes.  Did Brooks "campaign" for or support any candidate in any 2022 or 2024 election?  No.  Did Brooks "campaign" for or support any political party in any 2022 or 2024 election?  No.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

19.   Strike "Brooks himself amply supports the Complaint's allegation that he

engaged in the conduct at issue in furtherance of his and his political party's "partisan aims," not because of his official duties. Compl. ¶¶85, 109; see also id. ¶97 (alleging that January 6 rally was organized and run by a political campaign, Donald J. Trump for President)." Swalwell Brief, p. 15.  This assertion is conclusory and relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  There is no evidence Brooks' conduct was to further "his political party's 'partisan aims'.  Further, Brooks' sworn statements make clear that Brooks was motivated to do the Ellipse Speech for a variety of reasons, not just one as Swalwell alleges in this statement.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

20.   Strike "Brooks' January 6 speech was given at a campaign rally to advance particular political aims".  Swalwell Brief, p. 19.  This assertion is conclusory and relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  For all the reasons made in Brooks' sworn statements, the Ellipse Rally was not, to Brooks, a "campaign rally".  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

21.   Strike "The Complaint further plausibly alleges that a subset of those supporters repeatedly had responded to those claims with political violence. And Brooks, though he denies many things in his affidavit, does not deny knowing that Trump's followers had been told such things and had responded in that way."  Swalwell Brief, p. 21.  This assertion is conclusory and relies on pleading allegations that are

false, unsupported by evidence, and rebutted by evidence.  Brooks in his sworn statements absolutely denies" knowing that Trump's followers had been told such things and responded in that way" (referring to violence).  See, by way of example but not limitation, Verified Reply to Briefs ¶¶ 22,23.

22.   Strike "today they had to start "kicking ass!" knowing they were marching to the Capitol where Trump already had pressured Pence to engage in an illegal act."  Swalwell Brief, p. 21.  This assertion is conclusory and relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  Swalwell splices one part of one sentence in a two-sentence paragraph to distort Brooks' remarks and deceive this Court.  Reading the two-sentence paragraph in its entirety, the phrase "kicking ass" generically referred to "kicking ass" in the 2022 and 2024 elections (not to "kicking ass" today).  For emphasis, the "kicking ass" phrase did not, in the Ellipse Speech, refer to a single candidate or to any candidates of any political party.  Brooks denies knowing that "Trump already had pressured Pence to engage in an illegal act.".  ".  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

23.   Strike "Brooks engaged in conduct not authorized by his office."  Swalwell Brief, p. 22.  This assertion is conclusory and relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence."  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

24.    Strike "The Committee on House Administration confirms that in doing so he acted outside the scope of his official duties."  Swalwell Brief, p. 22.  This assertion is conclusory and relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  Further, Brooks has never appeared before the Committee on House Administration and, in any event, the House Ethics Rules govern what conduct is political activity, and what is not, for the purposes of considering "scope of employment" and the Petition to Certify, not the opinions of a political adversary of Brooks.

25.    Strike "And he did so in language he knew, or should have known, would incite individuals to respond to his apocalyptic claims with political violence, as had happened more than once."  Swalwell Brief, p. 22.  This assertion is conclusory and relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  See, by way of example but not limitation, Verified Reply to Briefs ¶¶ 22,23.

Respectfully submitted.

*Mo Brooks*

Morris Jackson "Mo" Brooks, Jr.
1000 New Jersey S.E., Unit 1208
Washington, DC  20003

## CERTIFICATE OF SERVICE

I certify that on August 3, 2021, I caused a copy of the foregoing to be filed with the Clerk via email to DCDml_Intake@dcd.uscourts.gov or via the Pacer System, which, as Brooks understands it, causes a copy to be sent to all counsel of record.

*Mo Brooks*

Morris Jackson "Mo" Brooks, Jr.
1000 New Jersey S.E., Unit 1208
Washington, DC  20003