**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**ERIC SWALWELL,**

      **Plaintiff,**

**v.**                    **Civil Case Number:  1:21-CV-586 APM**

**DONALD J. TRUMP, DONALD J.
TRUMP, JR., REPRESENTATIVE
MO BROOKS (Pro Se) & RUDOLPH
GIULIANI,**

      **Defendants.**

**MOTION TO STRIKE DOJ BRIEF FALSE "FACTS"**

      Defendant Mo Brooks ("Brooks") Moves to Strike false "facts" asserted and relied on in "The United States' Response to Defendant Mo Brooks's Petition to Certify He Was Acting Within the Scope of His Office Of Employment" (herein "DoJ Brief").

      The DoJ Brief offers zero <u>evidence</u> in response to Brooks' Petition to Certify other than House Ethics Rules found at  https://ethics.house.gov/campaign/general-prohibition-against-using-official-resources-campaign-or-political-purposes[1]  and the "Rodgers Report"[2] and, perhaps, miscellaneous, other things.

---

[1] The <u>full</u> House Ethics Rules are found at https://ethics.house.gov/sites/ethics.house.gov/files/documents/2008_House_Ethics_Manual.pdf.  The rules relating to impermissible "Campaign Activity" are found at Chapter 4, Pages 121 through 183.

[2] DoJ Brief, p. 11.  Citing but not offering *In the matter of Allegations Relating to Representative Cathy McMorris Rodgers 28-29 (December 19, 2019)*

Further, the DoJ Brief improperly relies on pleading <u>allegations</u> that are false, unsupported by evidence[3] and rebutted by evidence, or relies on improper legal opinions by a political adversary of Brooks (Democrat Congresswoman Zoe Lofgren). The DoJ Brief, p. 6, accurately states the crux of this Motion to Strike, to-wit:

> The Department's decision regarding scope-of-employment certification "is
> conclusive unless challenged. Accordingly, the party seeking review bears the
> <u>burden</u> of <u>presenting</u> <u>evidence</u> and disproving the [Department's] decision to
> grant or deny scope of employment certification by a preponderance of the
> evidence." (Emphasis added).  Saleh v. Bush, 848 F.3d 880, 889 (9th Cir. 2017)
> (quoting Green v. Hall, 8 F.3d 695, 698 (9th Cir. 1993)); see also Wilson v. Libby,
> 535 F.3d 697, 711 (D.C. Cir. 2008); Lyons v. Brown, 158 F.3d 605, 610 (1st Cir.
> 1998); S.J. & W. Ranch, Inc. v. Lehtinen, 913 F.2d 1538, 1543 (11th Cir. 1990),
> amended, 924 F.2d 1555 (11th Cir. 1991).

Brooks has presented evidence:  sworn statements.  Once done, DoJ must either accept Brooks' statements as true or offer rebuttal evidence.  DoJ has not offered substantive rebuttal evidence.

It is also abundantly clear (as shown hereinafter) that the DoJ has little understanding about what Members of Congress do in their jobs in Congress.

In any event, and in accord with the above DoJ statement about burden of proof and evidence, neither this Court nor the DoJ should rely on rumors; wild, baseless allegations; politically-motivated, partisan tripe and hype; surmises and the like.  Rather,

---

[3] As the word "evidence" is used in the Federal Rules of Evidence.

this Court must rely on, and its decision be based on, actual evidence and proof. Swalwell's Complaint makes every effort to replicate the Salem Witch Hunt.

This Court must decide whether to join the Witch Hunt, or require and consider real evidence on which to base its rulings.  Brooks encourages this Court to do the time-honored thing, the latter.

Brooks moves to strike and moves this Court not to consider the following false "facts" asserted in the DoJ Brief:

1.     Strike "The record indicates that Brooks's appearance at the January 6 rally was campaign activity." DoJ Brief, p. 2.  This "fact" is a conclusory statement that relies on pleading allegations that are false, unsupported by evidence,[4] and rebutted by evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

2.     Strike "The conduct at issue here thus is not the kind a Member of Congress holds office to perform, or substantially within the authorized time and space limits." DoJ Brief, p. 2.  This "fact" is a conclusory statement that relies on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

3.     Strike multiple references to the term "electioneering".  The DoJ Brief argues the House Ethics Rules, to a certain degree, state matters that are outside the

---

[4] As the word "evidence" is used in the Federal Rules of Evidence.

3

scope of Brooks' employment.  Words have meaning.  And different words have different meaning.  The word "Electioneering" is not used in the House Ethics Rules to describe prohibited conduct of Members of Congress.  Rather, the House Ethics Rules use terms such as "campaign activity", "campaign purpose", "political activity" and "political purpose".  As such, "electioneering" is immaterial to the matter before this Court, is rebutted by evidence before this Court, and is unsupported by any evidence submitted in the DoJ Brief.

4.     Strike "Brooks … conspiring to prevent the lawful certification of the 2020 election and to injure Members of Congress and inciting the riot at the Capitol."  DoJ Brief, pp. 2-3.  Notably, this false "fact" on which the DoJ relies is prefaced by an "if proven" clause.  That is the key.  It is time for Swalwell and the DoJ to offer evidence supporting these wild statements before asserting them as if they are true.  In any event, each of these "facts" are conclusory statements that rely on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.  See by way of example but not limitation, Verified Reply to Briefs ¶¶ 24-27, 10-22, 37-57, 65-73.

5.     Strike "Alleged action to attack Congress and disrupt its official functions is not conduct a Member of Congress is employed to perform".  DoJ Brief, p. 3. Each of these "facts" are conclusory statements that rely on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  Further, "actual actions" (i.e. – those supported and proven by evidence), not "alleged actions" may be outside the

scope of employment of a Member of Congressman.  Unproven, "alleged actions" are never outside the scope.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.  See by way of example but not limitation, Verified Reply to Briefs ¶¶ 24-27, 10-22, 37-57, 65-73.

6.      The DoJ Brief, p. 4, states, "With respect to Brooks, the counts of the Complaint are based primarily on a speech he gave at a rally on the Ellipse south of the White House on January 6. Compl. ¶¶ 20-21, 78-85, 105-09, 179. The Complaint asserts that "Brooks—acting in his personal capacity—conspired with the other Defendants to undermine the election results by alleging, without evidence, that the election had been rigged and by pressuring elected officials, courts, and ultimately Congress to reject the results." Id. ¶ 20. Brooks allegedly engaged in these activities "in an effort to overturn the 2020 Presidential election results and to aid the other Defendants' efforts to do the same." Id. ¶ 83. The Complaint then alleges that, at the January 6 rally, Brooks "directly incited the violence at the Capitol that followed." Id. ¶ 21."  DoJ Brief, p. 4.  While the DoJ accurately describes Complaint allegations, Brooks moves to strike all of the quoted language to the extent the DoJ seeks to have this Court, and this Court does, rely on these allegations as "facts" when this Court makes its ruling on the Petition to Certify.  Each of these alleged "facts" are pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it

violates.  See by way of example but not limitation, Verified Reply to Briefs ¶¶ 24-27, 10-22, 37-57, 65-73.

7.    Strike "But the Chairperson of the Committee on House Administration, to whom the Department's request was referred by the General Counsel, responded to the Department's request for views on Brooks's scope of employment. See July 23, 2021 Letter from Chairperson Lofgren to Acting Assistant Attorney General Boynton ("Lofgren Letter"). She reviewed in detail Brooks's speech, as well as the assertions in his petition to the Court that he was focusing on the 2022 and 2024 elections, rather than making a call for violence. See id. at 3-4. Chairperson Lofgren noted that Brooks had denied inciting violence at the Capitol, id. at 3, and that he had sworn under oath to the court that his conduct was instead in furtherance of political campaigns, id. at 4. Assessing the issue based on "a range of restrictions imposed by federal law, House Rules, and regulations of various House committees and entities," id. at 1, the letter concluded that it is "clear that campaign activity is outside the scope of official duties." Id. at 4."  DoJ Brief, p. 5. This statement by Lofgren, a partisan, political rival of Brooks, is immaterial, is not the best evidence, is an opinion rendered without a proper foundation, and violates Federal Rule of Evidence Rule 1002, which requires production of the actual original writing (in this instance, the House Ethics Rules).  This Court must rely on the actual House Ethics Rules, not some person's view and interpretation of what the House Ethics Rules may or may not say or mean.

8.    Strike "the record indicates that Brooks's conduct was undertaken as part of a campaign-type rally, and campaign activity is not "of the kind he is employed to perform," or "within the authorized time and space limits" for a Member of Congress."

DoJ Brief, p. 7-8.  Each of the alleged "facts" in this statement is based on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

9.      Strike "the Complaint alleges that Brooks engaged in a conspiracy and incited the attack on the Capitol on January 6. That alleged conduct plainly would not qualify as within the scope of employment for an officer or employee of the United States, because attacking one's employer is different in kind from any authorized conduct and not "actuated . . . by a purpose to serve" the employer."  DoJ Brief, p. 8. Each of the alleged "facts" in this statement is based on pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.  See by way of example but not limitation, Verified Reply to Briefs ¶¶ 24-27, 10-22, 37-57, 65-73.

As a very noteworthy aside, DoJ argues "Brooks does not argue otherwise. Instead, he denies the Complaint's allegations of conspiracy and incitement."  DoJ Brief, p. 8. Remarkably, this statement by the DoJ exposes the heart of DoJ's flawed logic: the DoJ fails to comprehend the distinction between a mere pleading that denies allegations in another pleading (such as when an Answer denies Complaint allegations) and a sworn affidavit or other verified pleading, which, having been sworn, becomes witness testimony and evidence.  Sworn statements by a witness are far different from mere pleadings denials.

7

10.    Strike "It is undisputed that Brooks addressed the crowd at the January 6 rally. See Brooks Aff. 18–21. And Brooks does not dispute Plaintiff's allegations that the rally "was funded and organized by [the Trump] campaign and groups supporting [then-President Trump's] candidacy." Compl. ¶ 14. Nor does he dispute Plaintiff's allegations that the purpose of the rally was to advocate that Donald Trump should be declared the winner of the 2020 election." DoJ Brief, pp. 8-9.  Brooks, under oath, disputes that this verbiage is accurate and has sworn that he is unaware of anything indicating the Ellipse Rally was paid for by "[the Trump] campaign" or "groups supporting [then-President Trump's candidacy" and further, has sworn that, as far as Brooks knew, the Ellipse Rally had multiple purposes ["purpose" is in the eye of the beholder, and may vary from person to person], including "educating the American people about and stopping voter fraud, stopping election theft, and Congress's duty to vote on January 6, 2021 on whether to accept or reject electoral college vote submittals from states whose elections systems appeared to have such systemic flaws as to render their reported results unreliable.  Addressing this latter is mandated by the 12th Amendment to the U.S. Constitution and 3 U.S.C. 1 through 21."  In any event, it is immaterial to the Petition to Certify whether the Ellipse Rally also "advocate(d) that Donald Trump should be declared the winner of the 2020 election", inasmuch as past House precedent (January 6, 2001, January 6, 2005, January 6, 2017) clearly establishes that it is not unethical or illegal for a Member of Congress to seek to reject various states' electoral college vote submittals inasmuch as on each of these days Democrat Members of Congress and Senator(s) did exactly that concerning far more states than were objected to by Republicans on January 6, 2021.  To the knowledge of Brooks, in no instance in 2001,

2005 and 2017 were any of these Members of Congress or Senator(s) considered by any part of Congress to have violated the House Ethics Rules and engaged in illegal or unethical conduct because of their actions or speeches.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

11.     Strike "Brooks states in his petition that his conduct was "primarily motivated by" his "desire to represent the will of" his constituents "who overwhelmingly preferred that Donald J. Trump serve as President." Pet. 7."  DoJ Brief, p. 9.  To the contrary, Brooks sworn statements are that Brooks had not one but multiple motivations, to include but not be limited to:  "Brooks' oath of office to the Constitution, and, hence, the laws of the United States of America (to include but not be limited to: Article I, Section 4's Election Clause; the 12th Amendment; 3 U.S.C. 15; 2 U.S.C. 7, and the like) and "represent(ing) the will of the citizens of Alabama's 5th Congressional District".  Petition to Certify, p. 7.  Other Brooks' purposes and motivations are described in various other parts of Brooks' sworn statements.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs. This allegation is too voluminous to include the multitude of verified statements it violates.  See by way of example but not limitation, Verified Reply to Briefs ¶¶ 10-21, 58-64.

12.     Strike "The record indicates that the January 6 rally was an electioneering or campaign activity that Brooks would ordinarily be presumed to have undertaken in an unofficial capacity. Activities specifically directed toward the success of a candidate for a partisan political office in a campaign context—electioneering or campaign activities—

are not within the scope of the office or employment of a Member of the House of

Representatives."  DoJ Brief, p. 9.   This alleged set of "facts" are pleading allegations

that are false, unsupported by evidence, rebutted by evidence, or immaterial.  The word

"electioneering" is immaterial because it is unrelated to the House Ethics Rules.  As

Brooks' unrebutted sworn statements reflect, the Ellipse Rally was not a "campaign

activity" covered by the House Ethics Rules or any case cited by DoJ.  Further, Brooks

unrebutted sworn statements reflect that civic-minded speaking at the Ellipse Rally is

exactly what Congressmen do and undertake in their official capacities, particularly

when asked by White House staff to do so.  See the verified statements made part of

the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too

voluminous to include the multitude of verified statements it violates.

13.     Strike "Chairperson Lofgren states that the House adheres to this

distinction in setting forth ethics rules that distinguish between a Member's official duties

and conduct that must instead be deemed unofficial. Thus, she explains, "standards of

conduct that apply to Members and precedents of the House are clear that campaign

activity is outside the scope of official duties and not a permissible use of official

resources." Lofgren Letter 4; id. at 2 (campaign activity is "not permissible official

activity" for Members). And "[o]fficial resources of the House must, as a general rule, be

used for the performance of official business of the House, and hence those resources

may not be used for campaign or political purposes." Id. at 2 (quoting H. Comm. on

Ethics, General Prohibition Against Using Official Resources for Campaign or Political

Purposes, https://ethics.house.gov/campaign/general-prohibition-against-using-

officialresources-campaign-or-political-purposes)." DoJ Brief, p. 10.  Political foe

Congresswoman Lofgren's personal interpretation or second-hand relaying of federal statutes, federal case law, or the House Ethics Rules are immaterial.  The actual statutes, case law and rules are what count. This Court, and the DoJ, should be relying on primary sources, applicable federal statutes, federal cases, or the House Ethics Rules, not merely someone's personal opinion.

14.     Strike "But participating at a post-election rally that is paid for by a political campaign or its supporters, and that is concededly directed toward affecting the electoral outcome of a presidential election on behalf of a specific candidate or garnering support for the next election, is no less an electioneering or campaign activity." DoJ Brief, p. 13.  Each of these alleged "facts" are pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

The allegation that Brooks' Ellipse Speech "garner(ed) support for the next election" is rebutted by Brooks' evidence and, in a word, is bunk.  Brooks challenges the DoJ to prove, with evidence, the identity of one candidate for public office or one political party that Brooks' Ellipse Speech helped "garner support for" in either 2022 or 2024.  The DoJ can't, because it did not happen.

Further, the allegation that Brooks Ellipse Speech related to "affecting the electoral outcome of a presidential election on behalf of a specific candidate" is immaterial and starkly sheds light on the DoJ's lack of understanding of the duties and job requirements of Members of Congress.  If "affecting the electoral outcome of a presidential election on behalf of a specific candidate" is somehow wrong or unethical,

11

then <u>every</u> Member of Congress and <u>every</u> U.S. Senator who performed their statutory and Constitutional duty to vote in Congress on January 6, 2017 engaged in unethical conduct outside the scope of employment when they publicly spoke about (in many different forums) and voted in the House and Senate chambers to affect the outcome of the election, either in favor of Donald Trump or in favor of Joe Biden.  The DoJ's claimed "fact" is false, is unsupported by any evidence, and thoroughly rebutted by existing evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

15.    Strike "post-Election Day efforts on behalf of a candidate to affect the outcome of an election in favor of that candidate are electioneering or campaign activities and thus not within the scope of a Member's office or employment." DoJ Brief, p. 13.  These alleged "facts" are pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  By way of but one example, and as stated above, the word "electioneering" is not in the House Ethics Rules, is not the standard for what is barred by the House Ethics Rules, and, hence, is immaterial to the Petition to Certify. Further, the evidence rebuts and there is no evidence supporting DoJ's overly broad and conclusory claim that all "post-Election Day efforts . . . to affect the outcome of an election in favor of that candidate are . . . campaign activities."  Further, Congress has in many instances during the past two decades faced efforts to "reject state electoral college vote submittal" actions akin to what Brooks faced on January 6, 2021.  That such efforts occurred in Congress on January 6, 2001, January 6, 2005, and January 6, 2017 (and January 6, 2021, for that matter) unambiguously rebut the DoJ allegation that

addressing such matters are "not within the scope of a Member's office or employment." See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates

16.     Strike "Brooks has not, however, met his burden of demonstrating that the January 6 rally was the type of event that falls within the scope of the office or employment of a Member of Congress, as opposed to an electioneering or campaign activity specifically directed toward the success of a presidential candidate or the success of future candidates."  DoJ Brief, p. 14.  Each of these alleged "facts" are pleading allegations that are false, unsupported by evidence, and rebutted by evidence. Brooks also incorporates herein by reference Brooks' previous rebuttals to similar false "fact" allegations of the DoJ.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

17.     Strike "Brooks does not dispute the allegation that the rally was a campaign event that "was funded and organized by [the Trump] campaign and groups supporting [Trump's] candidacy." Compl. ¶ 14.  DoJ p. 14.  Each of these alleged "facts" are pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  Brooks also incorporates herein by reference Brooks' previous rebuttals to similar false "fact" allegations of the DoJ.

18.   Strike "Brooks in effect concedes that his participation at the rally was directed toward affecting the election outcome in support of candidate Trump in the 2020 presidential election and gaining partisan political support for the 2022 and 2024

federal elections, which is not the business of the United States. Pet. 19, 41."  DoJ Brief, p. 14.  Each of these alleged "facts" are pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to similar false "fact" allegations of the DoJ.  In particular, the Ellipse Speech did not seek gain "<u>partisan</u> political support for the 2022 and 2024 elections".  To the contrary, clear and unrebutted evidence is that Brooks criticized <u>both</u> Republicans and Democrats.  Further and conversely, Brooks did not advocate supporting <u>any</u> political party in his Ellipse Speech, concerning January 6, 2021 Congressional events or concerning the 2022 or 2024 elections.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs. This allegation is too voluminous to include the multitude of verified statements it violates

19.   Strike "Brooks's own account of his actions at the rally attests that they were intended to affect the outcome of both the election that had just occurred and future elections."  DoJ Brief, pp. 14-15.  Each of these alleged "facts" are pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to similar false "fact" allegations of the DoJ.

20.   Strike "With respect to the 2020 presidential election, Brooks announced ahead of the January 6 rally that he was participating to support candidate Trump's electioneering efforts. See Compl. ¶ 84.2" DoJ Brief, p. 15."  Each of these alleged "facts" are pleading allegations that are false, unsupported by evidence, and rebutted by evidence.  In particular, Brooks sworn statement denies the Compl. ¶ 84.2 allegations.

See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

21.  Strike "Brooks's petition also indicates his central goal was to secure a particular electoral outcome."   DoJ Brief, p. 15.  This alleged "fact" is a pleading allegation that is false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to similar false "fact" allegations of the DoJ.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

22.  Strike "In short, it appears that the fundamental purpose of the rally was to advance the electoral success of a presidential candidate."  DoJ's impression of the appearance of events is immaterial to the Petition to Certify.  This alleged "fact" is unsupported by evidence, and rebutted by evidence.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

23.  Strike "The Complaint alleges that Brooks attended the January 6 rally at the personal request of a presidential candidate, pointing to a January 5, 2021 tweet by Brooks that stated that he would be speaking at the "#StoptheSteal rally" and that "@realDonaldTrump asked me personally to speak." Compl. ¶ 84 (ECF No. 1). Brooks denies this claim and asserts that he was invited by a White House employee. See Brooks Aff. ¶ 37. The Court need not resolve this factual dispute, as Brooks's tweet is, at a minimum, probative that his participation at the rally was in support of the electoral

success of a particular presidential candidate."  DoJ Brief, p. 15.  This alleged "fact" is a pleading allegation that is false, unsupported by evidence, and rebutted by evidence. Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegation of the DoJ.  As stated above, Brooks' sworn statement is that this tweet was not sent out by Brooks, was not seen by Brooks before it was sent out, and was false in many different respects.  See by way of example but not limitation, Verified Reply to Briefs ¶ 21.

24.   Strike "But garnering partisan support for future elections is no less an electioneering or campaign activity."  DoJ Brief, p. 16.  This alleged "fact" is false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegation of the DoJ. Brooks did not "garner partisan support" for any party concerning any future election. Nor is the word "electioneering" material to "scope of employment" issues because it is not used in the House Ethics Rules.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

25.   Strike "Brooks's activities at the rally were not part of his official functions as a Member of the House of Representatives, and both Plaintiff's allegations and Brooks's own statements indicate that his participation at the rally was an electioneering or campaign activity that was outside the scope of his office or employment as a Member of Congress."  DoJ Brief, p. 16.  This alleged "fact" is false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegation of the DoJ.  See the verified statements

made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

26.   Strike "Brooks has not overcome the ordinary understanding that electioneering or campaign activities are outside the scope of a Representative's employment."  DoJ Brief, p. 16.  This alleged "fact" is false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegation of the DoJ.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

27.   Strike "Brooks has not established that he was acting within the scope of his office or employment relating to participation in the certification of the electoral votes when participating in the January 6 rally."  This alleged "fact" is false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegation of the DoJ.  . . . Brooks's contentions, however, do not establish that his electioneering or campaign activities were within the scope of his office or employment relating to that role." DoJ Brief, p. 17. This alleged "fact" is false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegation of the DoJ.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

28.   Strike "Brooks asserts that his conduct was within the scope of his office or

employment because his vote was based on the fact that his "constituents overwhelmingly supported Donald Trump in the 2020 General Election." Pet. 4; see also Brooks Aff. ¶ 9."  DoJ Brief, 17. This alleged "fact" is false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegations of the DoJ.  In particular, Brooks notes, as stated above, that there were numerous, itemized factors that motivated Brooks to attend and speak at the Ellipse Rally.  See the verified statements made part of the Petition to Certify Affidavit and Verified Reply to Briefs.  This allegation is too voluminous to include the multitude of verified statements it violates.

29.   Strike "The Complaint alleges that Brooks conspired with others to instigate a violent attack on the U.S. Capitol and incited a riot there. Compl. ¶¶ 21, 171, 179." DoJ Brief, p. 19."  This "fact" allegation is false, unsupported by evidence, and rebutted by evidence.  Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegation of the DoJ.  Brooks' sworn statement is that Brooks did not instigate an attack on or incite a riot at the Capitol.  Neither Swalwell nor the DoJ have offered one shred of evidence to the contrary.  See by way of example but not limitation, Verified Reply to Briefs ¶¶ 50-57, 65-71.

30.   Strike "the Complaint alleges that Brooks conspired with the other Defendants and the "rioters who breached the Capitol on January 6" to prevent Congress from certifying the Electoral College votes. Compl. ¶ 12. To serve that end, the Complaint alleges that, among other things, the Defendants conspired amongst themselves and with others to "injure members of Congress . . . and Vice President Pence" in an effort to disrupt the peaceful transfer of power. Compl. ¶¶ 1, 12, 171, 179."

This "fact" allegation is false, unsupported by evidence, and rebutted by evidence. Brooks incorporates herein by reference Brooks' previous rebuttals to the similar false "fact" allegation of the DoJ.  In particular, neither Swalwell nor the DoJ have offered one shred of evidence to the contrary.  Brooks' sworn statement is that Brooks did not instigate an attack on or incite a riot at the Capitol.  Neither Swalwell nor the DoJ have offered one shred of evidence to the contrary.  See by way of example but not limitation, Verified Reply to Briefs ¶¶ 50-57, 65-71.

Respectfully submitted.

*Mo Brooks*

Morris Jackson "Mo" Brooks, Jr.
1000 New Jersey S.E., Unit 1208
Washington, DC  20003
256-656-2752

## CERTIFICATE OF SERVICE

I certify that on August 3, 2021, I caused a copy of the foregoing to be filed with the Clerk via email to DCDml_Intake@dcd.uscourts.gov, or the Pacer System, which, as Brooks understands it, causes a copy to be sent to all counsel of record.

*Mo Brooks*

Morris Jackson "Mo" Brooks, Jr.
1000 New Jersey S.E., Unit 1208
Washington, DC  20003
256-656-2752