IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIC SWALWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 21-cv-586-APM |
| | ) |
| DONALD J. TRUMP, DONALD J. TRUMP JR., MO BROOKS, RUDOLPH GIULIANI, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**UNITED STATES' MEMORANDUM IN OPPOSITION TO DEFENDANT BROOKS'S MOTION TO STRIKE**

The United States, by and through its undersigned counsel, respectfully submits this Memorandum in Opposition to Defendant Brooks's Motion to Strike, ECF No. 40. Defendant Mo Brooks seeks to "strike" portions of the United States' response in opposition to his petition for a Westfall Act certification. This Court should deny Defendant Brooks's motion, because it is procedurally defective and is little more than an additional argument in support of his reply to the briefs opposing his petition.

**ARGUMENT**

Motions to strike are governed by Rule 12(f) and are limited to pleadings (complaints, answers, cross-complaints, counterclaims, etc.). Fed. R. Civ. P. 12(f); *see also* Fed. R. Civ. P. 7 (distinguishing pleadings from motions and other papers); *Balcoh v. Norton*, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007) (explaining that "a motion to strike . . . is limited to pleadings"); *Modaressi v. Vedadi*, 441 F. Supp. 2d 51, 54 n.2 (D.D.C. 2006) (holding that "the plain language of Rule 12(f)" requires the court to deny the plaintiff's motion to strike the defendant's motion to dismiss); *Nwachukwu v. Rooney*, 362 F. Supp. 2d 183, 190 (D.D.C. 2005) ("Because the

1

defendants' reply memorandum is not a pleading, as defined in Federal Rule of Civil Procedure 7(a), and motions to strike only apply to pleadings, the plaintiff's motion to strike is improperly directed at the defendants' reply."). Because the United States' brief, ECF No. 33 is not a pleading, there is no basis to strike that response or portions of that response.

Moreover, to the extent that the Court is inclined to consider Defendant Brooks's motion notwithstanding that the United States' brief is not a pleading subject to Rule 12(f), the motion to strike should be denied. Motions to strike are disfavored. *Nwachukwu*, 362 F. Supp. 2d at 189. The United States' brief—which was requested by the Court—was not a proffer of facts, but instead set forth the government's arguments, which were not "redundant, immaterial, impertinent, or scandalous," Fed. R. Civ. P. 12(f).

## CONCLUSION

For the foregoing reasons, Defendant Brooks's Motion to Strike should be denied.

Dated: August 13, 2021

BRIAN M. BOYNTON
Acting Assistant Attorney General
Civil Division

JAMES G. TOUHEY, JR.
Director, Torts Branch
Civil Division

 /s/ *Taheerah K. El-Amin*
TAHEERAH K. EL-AMIN
D.C. Bar No. 500980
Trial Attorney
Civil Division, Torts Branch
United States Department of Justice
P.O. Box 888, Benjamin Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-4270
Facsimile: (202) 616-5200
E-mail: taheerah.el-amin@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2021, I electronically filed the foregoing Memorandum in Opposition to Defendant Brooks's Motion to Strike with the Clerk of the Court by using the CM/ECF system.

                                              /s/*Taheerah K. El-Amin*
                                              TAHEERAH K. EL-AMIN
                                              Attorney for the United States