UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Representative ERIC SWALWELL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DONALD J. TRUMP, et al., )<br>)<br>Defendants. )<br>) | Case No. 1:21-cv-00586-APM |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT MO BROOKS' MOTION TO STRIKE**

Plaintiff Eric Swalwell, through undersigned counsel, submits this memorandum opposing Defendant Mo Brooks' motion to strike portions of Plaintiff's opposition to Brooks' petition for certification under the Westfall Act. *See* ECF Dk. No. 39. Brooks' motion is improper under Fed. R. Civ. P. 12(f), which limits motions to strike to pleadings only, and even if it were not, the motion cites nothing improper about Plaintiff's filing and instead simply makes arguments already before the Court that are not properly the subject of a motion to strike.

In support of this motion, Plaintiff states as follows:

**ARGUMENT**

Fed. R. Civ. P. 12(f) permits "[t]he court [to] strike from a *pleading* an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." (Emphasis added.) "Pleadings," in turn, are defined exclusively as a "complaint" (including a "third-party complaint"), a "counterclaim," a "crossclaim," and answers or replies to those specific documents. Fed. R. Civ. P. 7(a). "Motions and [o]ther [p]apers" are separately identified as a discrete category distinguished from pleadings. *Id.* 7(b). Here, Brooks moves to strike a non-

pleading – namely, Plaintiff's opposition motion to Brooks' petition to certify that he was acting within the scope of his employment. *See* ECF Dk. No. 34. On this basis alone the Court should reject Brooks' motion to strike as procedurally barred under the federal rules.

Even if the Court were to look beyond the plain language of Rule 12(f) and the clearly defined terms it references, it still should deny Brooks' motion because it is nothing more than additional argument in support of his petition, which is not a proper subject for such a motion. Generally, motions to strike are disfavored. *See Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 7 (D.D.C. 2004) (courts "disfavor motions to strike … because they propose a drastic remedy"). Moreover, "merits arguments in opposition to a dispositive motion should be presented in an opposition to such a motion, not a motion to strike." *Pilkin v. Sony Interactive Entertainment LLC*, 2021 WL 2451299, at *1 (D.C. Cir. Mar. 19, 2021).

Although courts do have discretion to strike even non-pleadings, that discretion is reserved for the most severe circumstances. This includes "filings that contain scandalous materials" – that is, any allegation "that unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court," *Davidson v. District of Columbia*, 2010 WL 11583333, at * 2 (D.D.C. Jun. 4, 2010) – or instances of "tempestuous litigation," *Phillips v. Mabus*, 319 F.R.D. 36, 38 (D.D.C. 2016); *see also Canady,* 307 F. Supp. 2d. at 9-10 (motion to strike parties' summary judgment motions appropriate because of the "parade of follies" that included the parties' "failure to comply with the court's standards and local rules in briefing" their motions.).

No such circumstances exist here. Defendant Brooks petitioned this Court to certify that he is entitled to immunity under the Westfall Act. Representative Swalwell, as well as third parties the Department of Justice and the U.S. House General Counsel (both acting at the Court's

invitation), filed mine-run oppositions to this petition. In other words, the parties made ordinary arguments in support of their positions, which now are ripe for the Court's consideration. This is not "tempestuous" or "scandalous" litigation; it is simply litigation.

## CONCLUSION

For the foregoing reasons, the Court should deny Brooks' motion to strike.

Dated: August 16, 2021                                                                 Respectfully submitted,

      */s/ Philip Andonian*                                                                */s/ Matthew Kaiser*
CALEBANDONIAN PLLC                                                         KAISERDILLON PLLC
Philip Andonian (D.C. Bar No. 490792)                              Matthew Kaiser (D.C. Bar No. 486272)
Joseph Caleb (D.C. Bar No. 495383)                                 Sarah Fink (D.C. Bar No. 166663)
1100 H Street, N.W., Ste. 315                                               1099 Fourteenth Street, N.W., 8th Fl.
Washington, D.C. 20005                                                        Washington, D.C. 20005
Tel: (202) 953-9850                                                                 Tel: (202) 640-2850
Email: phil@calebandonian.com                                         Email: mkaiser@kaiserdillon.com
       joe@calebandonian.com                                                            sfink@kaiserdillon.com


      */s/ Barry Coburn*
COBURN & GREENBAUM PLLC
Barry Coburn (D.C. Bar No. 358020)
Marc Eisenstein (D.C. Bar No. 1007208)
1710 Rhode Island Avenue, N.W., 2nd Fl.
Washington, D.C. 20036
Tel: (202) 643-9472
Email: barry@coburngreenbaum.com
       marc@coburngreenbaum.com

*Attorneys for Plaintiff Eric Swalwell*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of August, 2021, the foregoing Plaintiff's Memorandum in Opposition to Defendant Mo Brooks' Motion to Strike was served upon all parties of record by the Court's CM/ECF system.

*/s/ Philip Andonian*
Philip Andonian