UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REP. ERIC SWALWELL,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP, DONALD J. TRUMP, JR., REP. MO BROOKS, and RUDOLPH GIULIANI,<br><br>*Defendants*, | Civil Action No. 1:21-cv-00586-APM |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ORIGINAL COMPLAINT

**I.     OVERVIEW OF POINTS OF REPLY**

Plaintiff opens his Memorandum in Opposition ("***Opposition***", Doc. 23) by announcing that his suit seeks to "hold accountable those who caused the attack on the United States Capitol on January 6, 2021". But those who were responsible for the attack *are* being held accountable by one of the largest criminal prosecutions in FBI history. What Plaintiff, a partisan politician, wants to do—improperly—through this suit is to punish his political adversaries for exercising their freedom of speech, the rhetoric of which he believes motivated the attack. But despite Plaintiff's arguments to the contrary, the First Amendment does not allow his highly speculative tort and conspiracy claims. For the reasons discussed below (and articulated in the Memorandum in support of Defendant's Motion to Dismiss), Plaintiff's claims should be dismissed.[1]

---

[1] This Reply will focus only on the incurable defects in Plaintiff's Complaint – the inability to overcome the First Amendment and Plaintiff's implausible and unreasonable construction of the meaning of Giuliani's Statements and those of the other Co-Defendants, which serve as the basis for his claims. Should the Court disagree, Defendant stands on the other pleading deficiencies raised in the Motion that, in the discretion of the Court, may be cured with leave to

## II.    POINTS OF REPLY

### A. No Plausible Reading Of Giuliani's Statements Can Be Construed As An "Invitation To Join A Conspiracy".

In the Opposition, Plaintiff correctly points out that "speech used to create an illegal conspiracy" is not protected by the First Amendment.  Opposition at p. 17.  Defendant does not disagree.  However, no rational person could read Defendant's brief Statements at the Ellipse Rally as an "invitation" to join an illegal conspiracy to attack the Capitol.  Realizing this is a frivolous argument, Plaintiff attempts to revive it by arguing that Defendant's Statements at the Ellipse Rally were merely the final salvo in a *seriatim* invitation to join a conspiracy to attack the Capitol that transpired over "months prior", beginning with Defendant's initial legal challenges to the Election.  Plaintiff has not—and cannot—cite to any cases where a conspiratorial arrangement and "meeting of the minds" is effectuated over a series of statements over many months and by multiple speakers.  Plaintiff's argument is frivolous.[2]

Plaintiff also attempts to read Defendant's Statements in conjunction with other Defendants' statements at the Ellipse Rally.  But the statements of other Defendants are only attributable to Giuliani as a co-conspirator if, in fact, Plaintiff has plausibly alleged a meeting of the minds by

---

amend.  Defendant, however, does not believe that Plaintiff can—in good faith—replead to satisfy, for example heightened pleading requirements under FRCP 9 or actual malice, while also complying with FRCP 11.

[2] In his Opposition, Plaintiff argues that he has satisfied his pleading requirements since "conspirators rarely discuss their plans in the open".  Opposition at p. 39.  **But this is exactly the kind of "conspiracy" Plaintiff alleges Defendants engaged in**.  Plaintiff claims that through social media postings, statements to the press, and the Ellipse Rally, Defendants ran a sort of general advertisement to the public to become co-conspirators and thereby created an army of "weaponized" rioters who were also "co-conspirators".  Opposition at p. 31.  This underscores the ridiculousness of Plaintiff's conspiracy claim.  The Court can easily look at the open-aired "invitations" to enter into a conspiracy with the general public to determine they cannot, as a matter of law, be construed as such.  And to the extent that Plaintiff suggests that Defendants had secret communications with hundreds of rioters on January 6th, this is simply implausible and absurd.

Giuliani and the other Defendants wherein they agreed to each provide piecemeal aspects of a conspiratorial invitation to incite mob violence. Plaintiff has not made any non-conclusory allegation to this effect—much less a plausible one. Therefore, the Court should only look to Giuliani's Statements and not read them in conjunction with other speakers at the Ellipse Rally as they cannot be imputed to him, nor is he responsible for the content of those statements.

In any event, Plaintiff's construction of Defendant's Statements at the Ellipse Rally, even when coupled with statements made previously by Giuliani, and even when coupled with statements made by other Defendants, do not create an invitation to enter into a conspiracy to attack the Capitol. No reasonable person could read them as such. The question the Court should ask is: If the Capitol Riot had never occurred, would one be able to look at Giuliani's Statements (or even the statements of other speakers at the Ellipse Rally) and determine that Giuliani and/or other speakers engaged in a *failed* attempt to incite listeners to march to the Capitol and launch a violent attack? The answer is clearly "no". Because that answer is "no", neither the Court nor law enforcement can impose liability on any of the speakers.

Whatever "moral" responsibility members of Congress, the Senate, the media, law professors, or anyone else want to place on Giuliani or other speakers at the Ellipse Rally for "irresponsible" or even "inflammatory" rhetoric, legal responsibility cannot lie. Otherwise, every time impassioned political speech called for "action" or "fighting" against injustice, that speaker would be held vicariously liable as "inviting a criminal conspiracy" for anyone who exercised free moral agency to engage in violence after hearing the speech. The First Amendment does not, and cannot, tolerate liability in such a circumstance as this and the Court should dismiss Plaintiff's claims.

### B. Plaintiff's *Brandenburg* Arguments Are Meritless.

Plaintiff attempts to steer this baseless suit through the narrow straits of the First Amendment by attempting to reverse engineer the Supreme Court's exception in *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969)). Plaintiff claims that Giuliani's Statements are vulnerable to a tort claim under *Brandenburg* because they are Statements: (1) directed at specific individuals; (2) that specifically advocate for such individuals to take action; and (3) were uttered with specific intent to produce "imminent disorder". Opposition at pp. 19-20. Plaintiff's attempts are entirely specious and should be rejected.

First, as was the case in *Hess*, Giuliani's Statements were not directed toward any particular person or group. In *Hess v. Indiana*, 414 U.S. 105 (1973), a person faced an unruly crowd on city streets and stated, "We'll take the fucking street later," or "We'll take the fucking street again." *Id.* at 107. The Supreme Court held that this was not speech that was directed toward a specific person or individual. *Id.* at 108-09. This crowd on a city street in *Hess* was clearly much smaller than the crowd at the Ellipse Rally. And this underscores the arguments above with respect to conspiracy – it is implausible that Giuliani directed his comments to everyone at the Ellipse Rally to join him on an escapade of Capitol violence. Plaintiff can provide no authority where a person was held liable for the actions of a small minority of an audience as large as the Ellipse Rally. If Giuliani had said, "Hey, you Proud Boys and Oath Keepers here on the Ellipse grounds – let's go to the Capitol and confront Congress", then perhaps Plaintiff would have an argument the Statements were directed "specifically directed" toward a person or individual. But as the Court can read for itself, this was not even close to being the case as Giuliani was speaking to not only those present at the Ellipse but people listening across the nation.

4

But even if Plaintiff could satisfy this condition, he certainly cannot satisfy the next. Plaintiff misleadingly cites to *Bible Believers v. Wayne Cty., Mich.*, 805 F.3d 228 (6th Cir. 2015) in support of his argument on this point. However, *Bible Believers* does not assist Plaintiff and, in fact, holds that the vitriolic anti-Muslim speech in that case was protected, even if it "encourage[d] unlawful acts". *Id.* at 245 (quoting *Ashcroft v. Free Speech Coal.*, 535 U.S. 234, 253 (2002)). Giuliani's only words that can even be arguably associated with violence are "fight to the end" and "trial by combat". But he in no way associated these rhetorical phrases with a call for any *listener* or *audience member* to engage in actual violence or any action whatsoever. The listeners would not be part of any "trial"—combat or otherwise—as this was a legal issue and would involve Giuliani and the legal team at some point in the future. Giuliani says "we" will "fight to the end" to secure a free and fair vote, again referring to himself and the legal team. None of these are calls for listeners or audience members to take any action – much less actions of physical violence directed at the Capitol.

Under Plaintiff's arguments, if a listener in California became incensed by Giuliani's Statements and proceeded to ransack Congressman Swalwell's home believing he was part of some Election conspiracy, Giuliani would be liable. But this cannot be, and is not, the law of the First Amendment. Defendant must have specifically directed statements at individuals or a readily definable group and given them "marching orders" for violence. We can debate as a society whether the Ellipse Rally's speakers and an alleged narrative of a "stolen election" were responsible or prudent in promoting civility, democracy, and peaceful transfer of power, but in no way can this deprive the Statements of First Amendment protection. Plaintiff's claims must be dismissed.

Finally, even were Plaintiff to have colorable arguments to satisfy the first two aspects of the *Brandenburg* exception, he also cannot satisfy the third – that Defendant uttered the Statements with intent to create imminent disorder. The undisputed facts reveal that Giuliani immediately condemned the violence at the Capitol – he in no way endorsed it. And there is simply no way that one can construe Giuliani's Statements as inciting "imminent" violence. In fact, Plaintiff purposefully ignores the fact that the "trial by combat" Statements were in the context of an assessment of voting machines "over the next 10 days" and was not at all a call to any action on that day. At worst, Giuliani's Statements advocated for his belief that Vice President Pence had the power to send the vote back to the state legislatures and "give them five to 10 days to finally finish the work" during which time he would be able to stake his reputation on which expert was right about the machines. Plaintiff's arguments are completely without merit.

### III.     CONCLUSION

For all of the reasons discussed herein and in the Motion, the Court should dismiss the Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

By: */s/ Joseph D. Sibley IV*

CAMARA & SIBLEY L.L.P.

Joseph D. Sibley IV
DC Bar ID: TX0202
1108 Lavaca St.
Suite 110263
Austin, TX 78701
Telephone: (713) 966-6789
Fax: (713) 583-1131
Email: sibley@camarasibley.com

**ATTORNEYS FOR RUDOLPH GIULIANI**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 16th day of August, 2021, I electronically filed the foregoing motion with the Clerk of the Court using the CM/ECF system, which I understand to have caused service on all counsel of record.

                                  */s/ Joseph D. Sibley IV*
                                  Joseph D. Sibley IV