UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Representative ERIC SWALWELL,<br><br>        Plaintiff,<br><br>    v.<br><br>DONALD J. TRUMP, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00586-APM |

**NOTICE OF PLAINTIFF ERIC SWALWELL'S RESPONSE TO
JANUARY 11, 2022 FILINGS BY DEFENDANT MO BROOKS**

At the January 10, 2022 hearing in this matter, Defendant Mo Brooks referenced (i) an ethics complaint ("Ethics Complaint") filed against him in the House Committee on Ethics (the "Committee"), and (ii) a letter ("Committee Letter") from the Committee related to that Ethics Complaint. On January 11, 2022, Congressman Brooks submitted those materials to this Court. *See* ECF Nos. 49 (Ethics Complaint), 48 (Committee Letter).

Plaintiff Eric Swalwell briefly responds.

\*   \*   \*

At the hearing, counsel for Congressman Swalwell understood Congressman Brooks to suggest that the Ethics Complaint and the Committee Letter bore on whether the House in fact distinguishes between, on the one hand, official conduct and, on the other hand, campaign conduct. *Cf.* Pl.'s Opp'n to Pet'n to Certify at 13-22 (July 27, 2021) (ECF No. 34) (arguing crucial nature of distinction between official and campaign conduct); *accord* United States' Resp. to Pet'n to Certify at 8-19 (July 27, 2021) (ECF No. 33); Letter from Chairperson Zoe Lofgren, Committee on House Administration (July 27, 2021) (ECF No. 32-1).

1

The Ethics Complaint and the Committee Letter in fact do not bear on the distinction between official conduct and campaign conduct—and thus do not assist Congressman Brooks in seeking certification of his conduct as having been performed "within the scope of his office or employment," 28 U.S.C. § 2679(b)(1), (d)(3).

Rather, the Ethics Complaint raises concerns only about Congressman Brooks' alleged violation of the House's generic "conduct unbecoming" rule. *See* Ethics Compl. at 3 (referencing House Rule XXIII.1 in highlighting certain Congressman Brooks conduct); *see also* Rule XXIII.1, Rules of U.S. House of Representatives, 117th Congress ("House Rules")[1] ("A Member, Delegate, Resident Commissioner, officer, or employee of the House shall behave at all times in a manner that shall reflect creditably on the House."). The Ethics Complaint did not raise concerns about Congressman Brooks' apparent use of House resources in connection with a campaign event, an issue that arguably would bear on the distinction between official conduct and campaign conduct. Indeed, Congressman Brooks' use of House resources in connection with the January 6 rally seems not to have been publicly known until Congressman Brooks revealed that conduct in his Petition for Certification in this matter—well *after* both the Ethics Complaint and the Committee Letter. *Compare* Pet'n to Certify at 11 (July 2, 2021) (ECF No. 20) (acknowledging use of House resources in connection with January 6 speech), *with* Ethics Complaint (dated March 10, 2021) *and* Committee Letter (dated June 11, 2021).

Furthermore, and in any event, the Committee Letter did not make any finding on the merits of the Ethics Complaint—rather, the letter is simply a notice, as required by Committee rules, that at a particular time the Committee lacked bipartisan support to establish an investigative subcommittee regarding the particular misconduct alleged in the Ethics Complaint.

---

[1] https://rules.house.gov/sites/democrats.rules.house.gov/files/117-House-Rules-Clerk.pdf

*See* Comm. Ltr. at 1; *see also* Rule 16(d), Rules of the U.S. House Committee on Ethics[2] (requiring majority support to advance investigative subcommittee motion); House Rule X.5(a)(3)(A) ("The Committee on Ethics shall be composed of 10 Members, five from the majority party and five from the minority party.").

In short, neither the Ethics Complaint nor the Committee Letter bear on the issues before the Court.

Dated:  January 12, 2022                               Respectfully submitted,


    */s/ Philip Andonian*                                              */s/ William Pittard*
CALEBANDONIAN PLLC                                         KAISERDILLON PLLC
Philip Andonian (D.C. Bar No. 490792)        Matthew Kaiser (D.C. Bar No. 486272)
Joseph Caleb (D.C. Bar No. 495383)           William Pittard (D.C. Bar No. 482949)
1100 H Street, N.W., Ste. 315                          Sarah Fink (D.C. Bar No. 166663)
Washington, D.C. 20005                                    1099 Fourteenth Street, N.W., 8th Fl.
Tel: (202) 953-9850                                             Washington, D.C. 20005
Email:  phil@calebandonian.com                    Tel: (202) 640-2850
          joe@calebandonian.com                       Email:  mkaiser@kaiserdillon.com
                                                                                       wpittard@kaiserdillon.com
                                                                                            sfink@kaiserdillon.com


    */s/ Barry Coburn*
COBURN & GREENBAUM PLLC
Barry Coburn (D.C. Bar No. 358020)
Marc Eisenstein (D.C. Bar No. 1007208)
1710 Rhode Island Avenue, N.W., 2nd Fl.
Washington, D.C. 20036
Tel: (202) 643-9472
Email:  barry@coburngreenbaum.com
          marc@coburngreenbaum.com

*Attorneys for Plaintiff Eric Swalwell*

---

[2] https://ethics.house.gov/sites/ethics.house.gov/files/documents/20210225%20Committee%20Rules%20for%20the%20117th%20Congress%20%28FINAL%29.pdf

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 12th day of January, 2022, I caused the foregoing Notice of Plaintiff Eric Swalwell's Response to January 11, 2022 Filings by Defendant Mo Brooks to be filed via the Court's CM/ECF system, which I understand caused a copy to be served on all registered parties.

*/s/ Sarah Fink*
Sarah Fink