IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*,<br><br>          *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>          *Defendants*. | Case No. 21-cv-00400 (APM) (lead case)<br><br>*Consolidated with* Case Nos.<br>   21-cv-00586 (APM)<br>   21-cv-00858 (APM)<br>   21-cv-02265 (APM)<br>   22-cv-00010 (APM)<br>   22-cv-00011 (APM)<br>   22-cv-00034 (APM)<br>   23-cv-00038 (APM) |

**JOINT CASE STATUS REPORT**

Pursuant to the Court's December 5, 2025, Minute Order, the undersigned parties have conferred and jointly prepared the following Joint Status Report.[1]

**I.    Issues Specific to the *Smith* Action**

The discussion below provides updates regarding the status of discovery in the *Smith* action since November 25, 2025. The Joint Status Report filed on November 25, 2025 (the "November 25 Status Report," *Lee* ECF No. 198; *Smith* ECF No.457) sets forth the status of discovery as of that date.

---

[1] Plaintiffs sent a draft of this report, via email, to Defendants Donald J. Trump, Donald J. Trump for President Inc., Make America Great Again PAC, Alan Hostetter, Derek Kinnison, Felipe Antonio Martinez, Kelly Meggs, Dominic Pezzola, Zachary Rehl, Elmer "Stewart" Rhodes III, Enrique Tarrio, and Erik Scott Warner. Plaintiffs also sent a draft of this report to The United States of America, which has requested to substitute itself in the place of Defendant Donald J. Trump as to certain claims. Defendants Donald J. Trump, Alan Hostetter, Derek Kinnison, Felipe Antonio Martinez, Dominic Pezzola, Elmer "Stewart" Rhodes III, and Erik Scott Warner did not contribute to this report. Plaintiffs do not have email addresses for Defendants Joseph Biggs or Ethan Nordean, and thus did not send them a copy of this draft report. However, Plaintiffs will serve the filed version of the Status Report on these and other Defendants per the Certificate of Service.

A.     *Smith* Plaintiffs' Discovery Requests

1.     **Discovery with the Campaign Entity Defendants**

As indicated in the November 25 Status Report, Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC's (the "Campaign Entity Defendants") submitted documents subject to their October 27, 2025 Motion to Sustain Asserted Privileges for *in camera* review on November 18, 2025.

2.     **Discovery with Defendant Tarrio**

As indicated in the November 25 Status Report, on October 20, 2025, the Court ordered Defendant Tarrio to supplement his discovery responses by November 10, 2025. On December 3, 2025, Defendant Tarrio responded with further amended responses to Plaintiffs' First and Second Set of Requests for Production and Interrogatory No. 5. The response only included references to two publicly available documents, one of which was a criminal trial exhibit. Defendant. Tarrio has not produced any documents from his possession, custody or control. However, *Smith* Plaintiffs believe that Defendant Tarrio has control over responsive material that was provided to him or his defense attorney over the course of his criminal proceeding. This criminal discovery potentially includes downloads of the content of Defendant Tarrio's electronic devices (*e.g.*, Cellebrite reports), documents that were downloaded from the global January 6 criminal discovery database, and any other material provided by the prosecution to Defendant Tarrio during the discovery process. During a meet and confer on January 23, 2026, Defendant Tarrio's counsel indicated that Tarrio has not contacted his criminal defense attorney for the production, and he did not commit to doing so in the future. Defendant Tarrio's counsel also indicated that a production and additional responses to *Smith* Plaintiffs' Interrogatory No. 5 would be forthcoming by February 10, 2026.

The *Smith* Plaintiffs request that the Court order Defendant Tarrio to obtain all discovery produced to him or his criminal defense counsel as part of his criminal case and produce to *Smith*

2

Plaintiffs all such material that is responsive to their discovery requests, subject to the Protective Order in the criminal case. In addition, *Smith* Plaintiffs request that the Court order Defendant Tarrio to provide a log of the general categories of responsive material that he is withholding pursuant to the criminal case Protective Order so that *Smith* Plaintiffs may seek a Court order modifying the Protective Order to allow the release of such responsive material to *Smith* Plaintiffs. *Smith* Plaintiffs note that materials that were derived directly from a defendant or that pertain solely to a defendant are explicitly excluded from the criminal case Protective Order. *See* Protective Order Governing Discovery ¶ 11.b & n.2, *United States v. Nordean*, No. 1:21-cr-00175 (D.D.C.), ECF No. 83; Interim Protective Order Governing Discovery ¶ 11.b & n.2, *Nordean*, ECF No. 103.

### 3.     Discovery with Defendant Meggs

From Plaintiffs: On November 7, 2025, Defendant Meggs provided a production and supplemental discovery responses. The production seemingly only included materials from other January 6 criminal defendants' cases along with publicly available documents. As discussed regarding Defendant Tarrio, Plaintiffs believe that Defendant Meggs has control over discovery that was provided to him or his criminal defense attorneys and has an obligation to seek that information and produce materials responsive to *Smith* Plaintiffs' discovery requests. At a meet and confer on February 2, 2026, counsel for Defendant Meggs indicated that Meggs has requested discovery from his criminal defense attorneys for purposes of his criminal appeal but has not received any documents.

*Smith* Plaintiffs request that the Court order Defendant Meggs to obtain all discovery produced to him or his criminal defense counsel as part of his criminal case and produce to *Smith* Plaintiffs all such material that is responsive to their discovery requests, subject to the Protective Order in the criminal case. Additionally, *Smith* Plaintiffs request that the Court order Meggs to provide a log of the general categories of responsive material that he is withholding pursuant to

3

the criminal case Protective Order so that *Smith* Plaintiffs may seek a Court order modifying the Protective Order to allow the release of such responsive material to *Smith* Plaintiffs. *Smith* Plaintiffs note that, as with Tarrio's criminal case, materials that were derived directly from a defendant or that pertain solely to a defendant are explicitly excluded from the Protective Order in Meggs's criminal case. *See* Protective Order Governing Discovery ¶ 11.b & n.2, *United States v. Crowl*, No. 1:21-cr-00028 (D.D.C.), ECF No. 123; Order, *United States v. Rhodes*, No. 1:22-cr-00015 (D.D.C.), ECF No. 8 (adopting *Crowl* record through January 12, 2022).

From Defendant Meggs: Defendant Meggs through counsel objects to the above. First, Plaintiffs have no reason to believe Mr. Meggs has any responsive materials let alone control over anything. The claim is malicious on the surface and is fabricated out of thin air. Mr. Meggs has no documents or further answers - and that has been conveyed to Plaintiffs multiple times. Secondly, Mr. Meggs requested any responsive discovery from his prior criminal case defense attorneys who have not indicated they have anything responsive or otherwise. Already conveyed to Plaintiffs is that one attorney retained nothing, and another agreed to look through drives from several January 6 defense cases, and would respond if anything turned up. The unreasonable demand for another court order adds no further ability by Mr. Meggs to obtain anything. Plaintiffs for over 3 years failed to file a Touhey request, received discovery responses without objection, and are now imagining that Mr. Meggs has anything related to their overly burdensome, irrelevant fishing expedition demands. The Plaintiffs have to date not described what they consider "relevant." In fact, Plaintiffs even stated that if Mr. Meggs were to obtain discovery pictures of his home search from former attorneys, they would demand the pictures regardless that those might only show that the FBI had torn closets and drawers apart and strewn possessions across rooms. That is the admitted unreasonable standard for the Plaintiffs' contrived demands. Regarding the Protective Order, it is

Mr. Meggs' position that the government must be allowed to respond given that nothing alleged in this case falls under the agreed upon between the parties' terms of the protective Order. Regardless, Mr. Meggs was not given any discovery that he could retain while imprisoned, as the Court is aware. This Court reportedly allowed Plaintiffs access to all trial materials, yet the Plaintiffs imagine that there is something beyond that for Plaintiffs who never came in any contact with Mr. Meggs on January 6th and claim he caused them injurious emotional distress. The Plaintiffs' continued demands for what Mr. Meggs and his previous attorney in this case did not possess as previously reported remain unclear. The above report without any evidence unfairly and incorrectly alleges that Mr. Meggs is withholding "something."

### 4.     Discovery with Defendant Rehl

From Plaintiffs: To date, Defendant Rehl has not produced any documents within his possession, custody, or control. As discussed above, *Smith* Plaintiffs believe that Defendant Rehl has control over his criminal discovery that was provided to him or his defense attorney and an obligation to seek the information and produce materials responsive to *Smith* Plaintiffs' discovery requests. At a meet and confer on February 5, 2026, counsel for Rehl indicated he would not produce any such material while Rehl's criminal case is on appeal.

As a pending criminal appeal does not preclude production, *Smith* Plaintiffs request that the Court order Defendant Rehl to obtain all discovery produced to him or his criminal defense attorney as part of his criminal case and produce to *Smith* Plaintiffs all such material that is responsive to their discovery requests, subject to the Protective Order in the criminal case. *Smith* Plaintiffs also ask the Court to order Defendant Rehl to provide a log of the general categories of responsive material that he is withholding pursuant to the criminal case Protective Order so that *Smith* Plaintiffs may seek a Court order modifying the Protective Order to allow the release of such responsive material to *Smith* Plaintiffs. As noted above, materials that were derived directly from a defendant

5

or that pertain solely to a defendant are explicitly excluded from the *United States v. Nordean* Protective Order that Rehl is subject to. *See* Protective Order Governing Discovery ¶ 11.b & n.2, *Nordean*, No. 1:21-cr-00175 (D.D.C.), ECF No. 83; Interim Protective Order Governing Discovery ¶ 11.b & n.2, *Nordean*, ECF No. 103; Notice of Accused Zachary Rehl's Coverage Under Prior Protective Order, *Nordean*, ECF No. 163.

From Defendant Rehl: Plaintiff's assertion that Mr. Rehl has not produced any documents within his possession is incorrect as is the claim that Mr. Rehl's counsel "indicated he would not produce any such material while Rehl's criminal case is on appeal." During the meet and confer, as Mr. Rehl's counsel, I informed Plaintiff's counsel that Mr. Rehl is appealing his criminal persecution and would claim Fifth Amendment privileges to preserve and protect, which is not a refusal to produce any such material. Plaintiffs omitted the overbreadth of their requests in that they demand far more than production of alleged evidence introduced against Mr. Rehl, rather, they demand production of any document or thing, irrespective of its relevance to the instant dispute or whether it was introduced as alleged evidence.

Mr. Rehl has complied with his production obligations, but, Plaintiffs are actively frustrating Rehl's ability to mount a defense by objecting and responding to individual requests without distinguishing which part they are objecting and which part they are responding and by their refusal to provide responsive discovery. For example, Rehl's Interrogagtory nine asks Plaintiffs to identify the "acts and location of said acts that were committed on January 6, 2021, by attackers coordinated by Mr. Rehl," as alleged in paragraph 125 of the amended complaint. Plaintiffs objected on the grounds that it "seeks information in the possession of, known to, or otherwise equally or more readily available" to him. Plaintiff also objected on the grounds that the "interrogatory incorrectly suggests that the conduct of Defendant Rehl's coconspirators is not attributable to him," and also

6

responded by stating see paragraphs "26-34; 58-60; 72; 77-80; 92-93; 97-100; 102; 103; 123; 125-129; 133; 140-142; 155; 179" of the amended complaint.

Firstly, purpose of discovery is discover the harms Plaintiff alleges Rehl caused, but the paragraphs Plaintiff referenced contain allegations not just against Rehl, but against several de-fendants who Rehl has no connection. Therefore, Interrogatory number nine specifically seeks to discover the persons Plaintiff claims are Rehl's alleged co-conspirators and the alleged "conduct of Defendant Rehl's coconspirators" that Plaintiff claims is attributable to Rehl.

Second, Plaintiffs objections/responses are circular non-responses, such as, Plaintiff's ref-erence to Paragraph 125 which alleges "Rehl, donning goggles and equipped with a radio, led more members of Proud Boys to the west side of the Capitol…" If the allegation that Rehl donned goggles is true, than Rehl's face was at least partially obstructed by goggles, so Plaintiff was asked to identify the goggles Mr. Rehl allegedly donned, its manufacturer, model number, or serial number. Plaintiffs objected that the interrogatory was "harassing…not relevant to the claims or defenses asserted in this case," and Rehl already possessed this knowledge. However, identification of the goggles is relevant to Plaintiff's claim that Rehl donned goggles, requesting that Plaintiff provide that information is not harassing.

### 5. Discovery with Defendants Pezzola and Rhodes

*Smith* Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production to Defendants Rhodes and Pezzola on November 5, 2025. After Defendants Rhodes and Pezzola failed to provide responses within 30 days, *Smith* Plaintiffs' counsel contacted Defendants' counsel, who requested an extension. *Smith* Plaintiffs agreed to extend the deadline by four weeks to January 2, 2026. Defendant Pezzola served his Rule 26 disclosures and interrogatory responses on January 6, 2026, and Defendant Rhodes served his Rule 26 disclosures and interrogatory responses on January 19, 2026. *Smith* Plaintiffs' counsel is reviewing these responses for

sufficiency. Neither Defendant has provided responses to Plaintiffs' Requests for Production. *Smith* Plaintiffs seek an order compelling Defendants to provide responses to Plaintiffs' Requests for Production, including providing any responsive material obtained during the course of their criminal cases, as well as a log of the general categories of responsive material that they are withholding pursuant to the criminal case Protective Orders so that *Smith* Plaintiffs may seek a Court order modifying the Protective Orders to allow the release of such responsive material to *Smith* Plaintiffs. As noted above, materials that were derived directly from a defendant or that pertain solely to a defendant are explicitly excluded from the Protective Order in Defendants Rhodes and Pezzola's criminal cases. *See* Protective Order Governing Discovery ¶ 11.b & n.2, *United States v. Nordean*, No. 1:21-cr-00175 (D.D.C.), ECF No. 83; Interim Protective Order Governing Discovery ¶ 11.b & n.2, *Nordean*, ECF No. 103; Protective Order Governing Discovery ¶ 11.b & n.2, *United States v. Crowl*, No. 1:21-cr-00028 (D.D.C.), ECF No. 123; Order, *United States v. Rhodes*, No. 1:22-cr-00015 (D.D.C.), ECF No. 8 (adopting *Crowl* record through January 12, 2022).

### 6. Motion for Sanctions (Default Judgment) against Defendants Martinez Kinnison, Nordean, and Biggs

Plaintiffs filed a Motion for Sanctions (Default Judgment) against Defendants Martinez, Kinnison, Nordean and Biggs on January 26, 2026. *Smith* ECF No. 471.

### 7. Discovery with Defendant Warner

The Court issued an Order on October 16, 2025, *Smith* ECF No. 443, granting the *Smith* Plaintiffs' Motion to Compel Defendant Warner. The Court ordered Warner to meet his discovery obligations. Specifically, the Court ordered Warner to serve initial disclosures and respond to Plaintiffs' April 4, 2023 requests for production and May 13, 2025 interrogatory. *Smith* ECF No. 443.

On November 4, 2025, *Smith* Plaintiffs' counsel sent a courtesy copy of the Court's October 16 Order by FedEx and email to the known addresses for Defendant Warner.

Defendant Warner subsequently provided written responses dated November 17, 2025, to the *Smith* Plaintiffs' Requests for Production. Despite the Court's Order, he did not provide initial disclosures or responses to *Smith* Plaintiffs' First Interrogatory and did not produce any documents. Plaintiffs' counsel have made numerous attempts to meet and confer with Defendant Warner regarding these deficiencies. These include a total of at least six emails and four voicemails to a known email address and phone number for Warner. On December 23, 2025, Defendant Warner left a voicemail for Plaintiffs' counsel indicating he would make himself available for a call. Since that message, counsel has left voicemails to Defendant Warner three times at the same number, attempted a call once to a different known number (that failed to connect), and sent at least three emails. Most recently, Plaintiffs' counsel sent a letter to Warner by FedEx and email specifying these deficiencies again and the necessity to meet and confer, and indicating that Plaintiffs intend to seek the Court's permission to move for sanctions if he fails to confer. Defendant Warner has continued to ignore Plaintiffs' attempts to engage on this issue.

The *Smith* Plaintiffs now seek the Court's permission to file a Motion for Sanctions (Default Judgment) against Defendant Warner for his failure to comply with the Court's Order compelling him to meet his discovery obligations.

### B. *Smith* Plaintiffs' Third-Party Discovery

#### 1. Enforcement Actions

The *Smith* Plaintiffs have commenced proceedings to compel productions from Rudolph Giuliani, Caroline Wren, and Kylie and Amy Kremer. *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.); *Smith et al. v. Kremer et. al*, 1:21-cv-02265 (N.D. Ga.).

9

In the *Giuliani* matter, the *Smith* Plaintiffs are continuing to communicate with counsel for Mr. Giuliani to effectuate his compliance with the court order granting Plaintiffs' motion to compel. *Giuliani* ECF No. 33. On December 5, 2025, Mr. Giuliani produced 132 pages of responsive emails but stated that he did not currently possess Mr. Giuliani's document productions to the House Select Committee to Investigate the January 6th Attack on the United States Capitol (the "January 6th Committee"). Mr. Giuliani subsequently obtained a hard drive from the third-party vendor that had facilitated his document productions to the January 6th Committee, and he has indicated to the *Smith* Plaintiffs that he is in the process of reviewing it. The *Smith* Plaintiffs are continuing to follow up with Mr. Giuliani about his review and will update the Court as to any additional developments.

In the *Wren* matter, after the *Smith* Plaintiffs' last Status Report, on January 8, 2026, the *Smith* Plaintiffs moved to depose Ms. Wren in connection with whether she fully complied with the Subpoena. Ms. Wren did not timely respond to that motion and, on January 27, 2026, the Court entered an Order to Show Cause why the motion should not be granted. On January 29, 2026, the evening before Ms. Wren's response to that Order was due, counsel for Ms. Wren contacted counsel for the *Smith* Plaintiffs to seek an enlargement of time to respond to the Order and try to resolve the outstanding issues without a deposition. The Court has extended the deadline for Ms. Wren to respond to the motion to take her deposition to February 13, 2026. The *Smith* Plaintiffs are currently communicating with counsel for Ms. Wren and are hopeful that they will be able to obtain the information they need from Ms. Wren without further Court intervention.

On October 14, 2025, the *Smith* Plaintiffs initiated a motion in the Northen District of Georgia, seeking to compel Amy and Kylie Kremer (together, the "Kremers") to produce unredacted versions of certain documents and provide a privilege log justifying any privilege assertions

over information that remains redacted. *Kremer* ECF No. 1. Plaintiffs served the Kremers on November 24, 2025, *Kremer* ECF Nos. 6, 7, and the Kremers have failed to respond. The *Smith* Plaintiffs will update the court as to any developments.

Plaintiffs previously served non-party Roger Stone with subpoenas for documents and a deposition. The deposition has been held in abeyance for the time being, but discussions regarding the subpoena for documents ensued, during which Plaintiffs agreed to accept documents and information responsive to six categories of document requests. Mr. Stone served objections to the subpoena, the Court held a pre-motion conference on Mr. Stone's objections, after which on January 30, 2026, Mr. Stone responded to the six categories with answers notwithstanding his prior objections. Plaintiffs found some of Mr. Stone's responses incomplete, and the lawyers conferred on February 3. Based on that discussion, Mr. Stone's lawyers are investigating to provide more information by February 17.

### 2. National Archives and Records Administration

On January 13, 2026, the *Smith* Plaintiff and counsel for the National Archives and Records Administration ("NARA") participated in a status conference with this Court. *See Smith* January 13, 2026 Minute Entry; *see also Smith* Dkt. 469 (Joint Status Report submitted by the *Smith* Plaintiffs and counsel for NARA). As noted during the January 13, 2026 status conference, the parties agreed that the Department of Justice would provide privilege logs on a rolling basis, and the Department of Justice advised that it anticipated sending the final privilege log within 90 days.

Dated: February 9, 2026                               Respectfully submitted,

 /s/    Joshua S. Margolin                              /s/    Jason C. Greaves
Faith E. Gay, *pro hac vice*                         Jesse R. Binnall, VA022
Joshua S. Margolin, *pro hac vice*          Jason C. Greaves, DC Bar No. 1033617
Babak Ghafarzade, *pro hac vice*            Gerald A. Urbanek, Jr. VA191
SELENDY GAY PLLC                                Jared J. Roberts, *pro hac vice*
1290 Avenue of the Americas                    BINNALL LAW GROUP

New York, NY  10104
Tel: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
bghafarzade@selendygay.com

 /s/     Edward G. Caspar
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967
Jeffrey Blumberg, D.C. Bar No. 432928
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, DC 20005
Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org
jblumberg@lawyerscommittee.org

 /s/     William J. Blechman
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com
jtf@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

717 King Street Suite 200
Alexandria, VA 22314
Tel: 703-888-1943
jesse@binnall.com
jason@binnall.com
gerald@binnall.com
jared@binnall.com

*Attorneys for Defendants Donald J. Trump for President, Inc. and Make America Great Again PAC*

 /s/     John Daniel Hull, IV
John Daniel Hull, IV, DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-439-6520
jdhull@hullmcguire.com

Ronald Coleman,
COLEMAN LAW FIRM
50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendant Enrique Tarrio*

 /s/     Carolyn A. Stewart
Carolyn A. Stewart, D.D.C. Bar No. FL-0098
Defense Attorney
Stewart Country Law PA
1204 Swilley Rd.
Plant City, FL 33567
Tel: 813-659-5178
Carolsteweart_esq@protonmail.com

*Attorney for Defendant Kelly Meggs*

      /s/     Patrick Trainor
Patrick Trainor, Esq., *pro hac vice*
LAW OFFICE OF PATRICK TRAINOR
19 Union Avenue, Suite 201
Rutherford, New Jersey 07070
Tel: 201-777-3327
Fax: 201-896-7815
pt@ptesq.com

*Attorney for Defendant Zachary Rehl*

**CERTIFICATE OF SERVICE**

      I certify that on February 9, 2026, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: February 9, 2026            By:        */s/ Joshua S. Margolin*
                                                                       Joshua S. Margolin