IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| BARBARA J. LEE *et al.*,<br><br>        *Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>        *Defendants*. | Case No. 21-cv-00400 (APM) (lead case)<br><br>*Consolidated with* Case Nos.<br>    21-cv-00586 (APM)<br>    21-cv-00858 (APM)<br>    21-cv-02265 (APM)<br>    22-cv-00010 (APM)<br>    22-cv-00011 (APM)<br>    22-cv-00034 (APM)<br>    23-cv-00038 (APM) |

**<u>JOINT CASE STATUS REPORT</u>**

Pursuant to the Court's June 26, 2025 Minute Order, and ahead of the August 19, 2025 Status Conference, the undersigned parties have conferred and jointly prepared the following Joint Status Report.[1] The United States of America, which has requested to substitute itself in the place of Defendant Donald J. Trump as to certain claims, joins only as to Section I and takes no position as to the rest of the status report.

**I.    Westfall Act Substitution**

On June 27, 2025, Plaintiffs submitted their reply brief in further support of their motion to strike the government's Westfall Act certification seeking to substitute the United States in place

---

[1] Plaintiffs sent a draft of this report, via email, to Defendants Donald J. Trump., Donald J. Trump for President Inc., Make America Great Again PAC, Thomas Caldwell, Alan Hostetter, Derek Kinnison, Felipe Antonio Martinez, Kelly Meggs, Ronald Mele, Dominic Pezzola, Zachary Rehl, Elmer "Stewart" Rhodes III, Enrique Tarrio, and Erik Scott Warner Plaintiffs also sent a draft of this report to the United States. Defendants Caldwell, Hostetter, Kinnison, Martinez, Mele, Pezzola, Rhodes, and Warner did not contribute to this report. Plaintiffs do not have email addresses for Defendants Joseph Biggs or Ethan Nordean, and thus did not send them a copy of this draft report. However, Plaintiffs will serve the filed version of the Status Report on these and other Defendants per the Certificate of Service.

of Defendant Trump as to Plaintiffs' state law claims in certain of the consolidated actions. *Lee* ECF No. 190. Briefing on Plaintiffs' motion is now complete.

## II.    Issues Specific to the *Smith* Action

The discussion below provides updates regarding the status of discovery in the *Smith* action since June 23, 2025. The prior Joint Status Report filed in the *Lee* action (*Lee* ECF No. 189) sets forth the status of discovery as of that date.

### A.    Smith Plaintiffs' Discovery Requests

#### 1.    Discovery with the Campaign Entity Defendants

In the *Smith* parties' June 23, 2025 Joint Status Report (*Smith* ECF No. 407, at 2), Defendants Donald J. Trump For President, Inc. and Make America Great Again PAC (the "<u>Campaign Entity Defendants</u>") noted that they expected their privilege review to be completed the week of June 23, 2025. The Campaign Entity Defendants served two sets of updated privilege logs and supplemental productions on June 25 and July 18, 2025, respectively.

On July 17, 2025, Plaintiffs and the Campaign Entity Defendants jointly contacted the Court to raise two privilege disputes over which the parties met and conferred and were at impasse: (1) the Campaign Entity Defendants' assertion of privilege over communications that included White House Officials, and (2) the Campaign Entity Defendants' assertion of privilege over communications that included employees of the Republican National Committee or state-level Republican parties. The Court held a discovery videoconference on July 29, 2025, heard arguments from both sides, and set a briefing schedule for the Campaign Entity Defendants to move for a protective order over the documents at issue: the Campaign Entity Defendants submitted their opening brief on August 12, 2025 (*Smith* ECF No. 418); Plaintiffs' opposition is due by August 26, 2025; and the Campaign Entity Defendants' reply is due by September 2, 2025.

By letter dated July 28, 2025, the Campaign Entity Defendants stood on certain of its remaining disputed privilege assertions, agreed to withdraw certain others, and indicated that it will make a further supplemental production. By email dated August 5, 2025, Plaintiffs requested a date certain by which the Campaign Entity Defendants will make such supplemental production, along with an updated privilege log, and requested clarification as to certain apparent discrepancies between the Campaign Entity Defendants' latest supplemental productions and privilege log. Plaintiffs await the Campaign Entity Defendants' response.

    **2.**    **Discovery with Defendant Tarrio**

In the June 23, 2025 Joint Status Report, the Smith Plaintiffs requested permission to move to compel against Defendant Tarrio. *Smith* ECF No. 407 at 3–4. The Court held a discovery conference on June 27, 2025, and ordered Defendant Tarrio to provide Plaintiffs updated discovery responses and accounts for inspection by July 15, 2025. June 27, 2025 Minute Order. Defendant Tarrio moved for an extension of time to complete discovery to July 25, 2025, *Smith* ECF No. 408, which the Court granted, June 9, 2025 Minute Order. Defendant Tarrio provided discovery responses on July 25, 2025, but the responses asserted the Fifth Amendment in response to all discovery requests and provided no responsive information. Plaintiffs met and conferred with Defendant Tarrio on July 30, 2025. On August 12, Plaintiffs informed counsel for Defendant Tarrio that they contest Defendant Tarrio's assertions of the Fifth Amendment as to all three sets of discovery requests at issue and asked whether Defendant Tarrio would withdraw the assertions. Counsel for Defendant Tarrio is considering the matter.

    **3.**    **Request to Compel Defendants Martinez, Warner, Kinnison, Nordean, Biggs, and Meggs to Respond to Discovery Requests and Serve Initial Disclosures**

In the June 23, 2025 Joint Status Report, the Smith Plaintiffs requested permission to move to compel against Defendants Martinez, Warner, Kinnison, Nordean, Biggs, and Meggs. *Smith*

3

ECF No. 407 at 3–7. The Court granted permission, and the Smith Plaintiffs filed their motion on July 11, 2025. *Smith* ECF No. 409. Defendant Meggs filed an opposition on July 29, 2025, *Smith* ECF No. 413. The Smith Plaintiffs filed a reply on August 5, 2025, *Smith* ECF No. 414, and on August 6, 2025, Defendant Meggs filed a Notice of Intended Filing for Leave to File Surreply and Request to Stay a Decision on ECF No. 409 in the Interim, *Smith* ECF No. 415. In addition, on August 5, 2025, Defendant Hostetter filed a "Motion to Join, Adopt, and Supplement Response at ECF No. 413 to Plaintiffs' ECF No. 409 and for Order." *Smith* ECF No. 416. Plaintiffs filed an opposition to that motion on August 8, 2025. *Smith* ECF No. 417. Mr. Meggs filed a surreply on August 13, 2025. *Smith* ECF No. 421.

### B.   Defendant Rehl Discovery Requests

Defendant Rehl issued Second Interrogatories to Plaintiffs on July 12, 2025. Plaintiffs responded on August 8, 2025. Defendant Rehl issued a Second Requests for Production of Documents and Things and a Third Set of Interrogatories to the Smith Plaintiffs on August 4, 2025. The Smith Plaintiffs' responses are due September 3, 2025. Regarding Plaintiffs' August 8, 2025 response to Defendant Rehl's Second Interrogatories, Plaintiffs state that they provided a timely response objecting to the interrogatory as beyond the scope of permissible discovery. Defendant Rehl states that Plaintiffs did not provide a response to Rehl's Second Interrogatories, nor responsive discovery materials. The parties conferred on Thursday, August 14, 2025. Plaintiffs may amend their response to Rehl's Second Interrogatories.

### C.   Campaign Entity Defendants' Discovery Requests

First, the Campaign and Plaintiffs are currently negotiating the scope of what discovery should be classified as "Attorney's Eyes Only." Plaintiffs argue that information related to their social media accounts, medical records, dates of birth, email addresses, and the names of certain third parties should fall under this designation. They have also refused to provide their home

addresses and social security numbers, even if marked as "Attorney's Eyes Only." The Campaign disagrees with these positions, and it appears the parties may be at an impasse.

Second, the Campaign previously sent Plaintiffs a Fourth Set of Requests for Production, which included one request for Plaintiffs' retainer agreements. On August 8, 2025, Plaintiffs objected to this request and declined to produce the agreements. The Campaign intends to further meet and confer with Plaintiffs.

Third, there is an ongoing dispute between the Campaign and Plaintiffs concerning the adequacy of Plaintiffs' descriptions of damages and injuries provided in their initial disclosures and interrogatory responses. The Campaign will seek to further meet and confer on the issue before seeking court intervention.

Fourth, the Campaign and Plaintiffs also dispute whether Plaintiffs were required to preserve records on certain U.S. Capitol Police devices.

Fifth, the Campaign has notified Plaintiffs that the Department of Labor requires it to obtain Privacy Act releases or a court order for the release of documents. The Campaign believes that this issue can be resolved between the parties.

Sixth, On June 6, 2025, the Court held a discovery hearing regarding the Campaign Entity Defendants' motion to compel the Smith Plaintiffs to sign HIPAA releases. The Court denied that request on June 16, 2025, but ordered that "if Defendants do identify missing records, Plaintiffs shall promptly attempt to obtain them." *Smith* ECF No. 406. Plaintiffs sent the Campaign Entity Defendants a letter on June 18, 2025, requesting the Campaign identify any medical records it believes were missing. On July 23, 2025, the Campaign Entity Defendants sent a letter identifying four providers for whom they believed records were missing. The Smith Plaintiffs have contacted

5

all four providers requesting they provide any additional records. Plaintiffs will continue to follow up with the providers to obtain the records.

### D. *Smith* Plaintiffs' Third-Party Discovery

#### 1. Third-Party Redactions

The Smith Plaintiffs have made progress in their efforts to reach an agreement with Katrina Pierson concerning improperly redacted documents in her productions. On June 30, 2025, Ms. Pierson produced unredacted versions of documents she had previously produced with improper redactions. The Smith Plaintiffs are continuing to evaluate Ms. Pierson's production, and will update the Court if resolution is reached or if it appears to require court intervention.

As for Mss. Kylie and Amy Kremer, during the June 25, 2025 status conference, the Court granted the Smith Plaintiffs' request for leave to file a motion to compel them to produce unredacted versions of documents previously redacted, and provide a privilege log justifying privilege assertions over information that remains redacted. The Smith Plaintiffs are continuing to prepare this motion and will update the Court as its status progresses.

#### 2. Enforcement Actions

The Smith Plaintiffs have commenced proceedings to compel productions from Rudolph Giuliani and Caroline Wren. *See Smith, et al. v. Giuliani*, 1:24-mc-00351 (S.D.N.Y.); *Smith, et al. v. Wren*, 9:24-mc-81074 (S.D. Fla.).

On July 8, 2025, the court held a status conference in the *Giuliani* matter. On July 14, 2025, the court granted the Smith Plaintiffs' motion to compel Mr. Giuliani's compliance with a subpoena duces tecum. *Giuliani* ECF No. 33 at 5. On July 28, 2025, Mr. Giuliani, via counsel, contacted the Smith Plaintiffs for the first time to serve responses and objections to the subpoena, fifteen months after the Subpoena was first served. Mr. Giuliani objected to each of the Smith Plaintiffs' document requests and has not produced documents in response to the subpoena. On

6

July 31, 2025, the Smith Plaintiffs reached out to Mr. Giuliani to schedule a meet and confer to determine whether a resolution can be reached without court intervention. *See Giuliani* ECF No. 34 at 2. The Smith Plaintiffs will update the Court as to the status of this matter.

In the *Wren* matter, on July 9, 2025, the Court granted the Smith Plaintiffs' motion for entry of an order of contempt and for sanctions against Ms. Wren for her failure to comply with the Court's April 29, 2025 order. *Wren* ECF No. 23. On July 9, 2025, Ms. Wren made a production of documents. The Smith Plaintiffs are evaluating the sufficiency of Ms. Wren's production and will update the Court as to the status of this matter.

### 3. Third-Party Subpoenas

On May 4, 2025, the Smith Plaintiffs served a subpoena duces tecum and a deposition subpoena on Zachary Parkinson. On July 3, 2025, Mr. Parkinson's counsel produced documents in response to the Smith Plaintiffs' May 4, 2025 subpoena duces tecum. The deposition is being held in abeyance during the stay.

On August 4, 2025, the Smith Plaintiffs wrote a letter responding to Roger Stone's objection to the Smith Plaintiffs' April 7, 2025 subpoenas duces tecum. On August 12, 2025, Mr. Stone's lawyers confirmed that their position is unchanged and that Mr. Stone will not produce documents in response to the Smith Plaintiffs' subpoena. Accordingly, the Smith Plaintiffs and Mr. Stone are at impasse. The Smith Plaintiffs request leave from the Court to file a motion to compel Mr. Stone to produce documents in response to Plaintiffs' subpoena.

After unsuccessful attempts to personally serve Darren Centinello on May 5, 7, 8, and June 10, 11, and 18, Plaintiffs served Mr. Centinello, who resides in Florida, with a copy of a subpoena duces tecum and deposition subpoena via USPS, UPS, and FedEx on July 17, 2025. The Smith Plaintiffs followed up with Mr. Centinello via email on August 4, 2025. Mr. Centinello's response

7

to the subpoena duces tecum is due on August 18, 2025. The Smith Plaintiffs will update the Court if Mr. Centinello responds, or if it appears to require court intervention.

### 4. National Archives and Records Administration

On September 3, 2024, the Court granted the Smith Plaintiffs' Motion for a Final Order Issuing a Subpoena to the National Archives and Records Administration ("NARA") and ordered NARA to respond to the Smith Plaintiffs' subpoena. *See Smith* ECF No. 324. NARA informed the Smith Plaintiffs on February 5, 2025, that President Trump's Office of White House Counsel ("WHCO") had been charged with reviewing the Smith Plaintiffs' document request and had thirty days to do so. Subsequently, NARA informed the Smith Plaintiffs of several extensions sought by WHCO including a 30-day extension on March 15, a 45-day extension on April 19, a 45-day extension on May 15, and a 45-day extension on July 8. On July 8 and July 16, 2025, NARA informed the Smith Plaintiffs that it "underst[ood] that the privilege review of records responsive to the subpoena [would] be complete by August 18.

## E. The Campaign's Third-Party Discovery

The Campaign has streamlined its outstanding discovery requests to three agencies: the U.S. Capitol Police, the Secret Service, and the Department of Labor.

## F. Defendants Pezzola and Rhodes' Motion to Set Aside Default

On April 28, 2025, Defendants Pezzola and Rhodes filed a renewed motion to set aside default. *Smith* ECF No. 386. On May 30, 2025, the Smith Plaintiffs filed an opposition to Defendants Pezzola and Rhodes' renewed motion to set aside default. *Smith* ECF No. 399. On June 6, 2025, Defendants Pezzola and Rhodes submitted their reply regarding their motion to set aside default. *Smith* ECF No. 402.

### G. Defendant Mele's Motion for Summary Judgment

On May 18, 2025, Defendant Mele moved for summary judgment against *Smith* Plaintiff Conrad Smith. *Smith* ECF No. 394. The Smith Plaintiffs filed a response to Defendant Mele's summary judgment motion on July 17, 2025. *See Smith* ECF Nos. 410, 411. On July 28, 2025, Defendant Mele wrote counsel for Smith Plaintiffs to inquire about deadlines. Plaintiffs responded that same day, advising that the deadline for a reply brief had passed, agreeing to a 30-day extension for it, but advising that he would still need to ask the Court for the extension. On July 29, 2025, Defendant Mele emailed counsel for Smith Plaintiffs his motion for an extension and his reply brief, stating that he had filed them that day. As they did not appear on the docket, counsel for Smith Plaintiffs forwarded those intended filings to the Court by email on August 7, 2025, copying Defendant Mele.

Dated: August 15, 2025                                   Respectfully submitted,

 /s/    Joshua S. Margolin                                /s/    Jared J. Roberts
Faith E. Gay, *pro hac vice*                             Jesse R. Binnall, VA022
Joshua S. Margolin, *pro hac vice*                       Jason C. Greaves, DC Bar No. 1033617
Babak Ghafarzade, *pro hac vice*                         Gerald A. Urbanek, Jr. VA191
SELENDY GAY PLLC                                         Jared J. Roberts, *pro hac vice*
1290 Avenue of the Americas                              BINNALL LAW GROUP
New York, NY  10104                                      717 King Street Suite 200
Tel: 212-390-9000                                        Alexandria, VA 22314
fgay@selendygay.com                                      Tel: 703-888-1943
jmargolin@selendygay.com                                 jesse@binnall.com
bghafarzade@selendygay.com                               jason@binnall.com
                                                         gerald@binnall.com
 /s/    Edward G. Caspar                                 jared@binnall.com
Edward G. Caspar, D.C. Bar No. 1644168
Marc P. Epstein, D.C. Bar No. 90003967                   *Attorneys for Defendants Donald J. Trump for*
LAWYERS' COMMITTEE FOR                                   *President, Inc. and Make America Great Again*
CIVIL RIGHTS UNDER LAW                                   *PAC*
1500 K Street N.W. Suite 900
Washington, DC 20005

Tel: 202-662-8390
ecaspar@lawyerscommittee.org
mepstein@lawyerscommittee.org

  /s/     William J. Blechman
William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
Jeffrey T. Foreman, *pro hac vice*
SPERLING KENNY NACHWALTER
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Tel: 305-373-1000
wblechman@sperlingkenny.com
ebh@sperlingkenny.com
jtf@sperlingkenny.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

  /s/ *Joseph M. Sellers*
Joseph M. Sellers, Bar No. 318410
Brian Corman, Bar No. 1008635
Alison S. Deich, Bar No. 1572878
COHEN MILSTEIN SELLERS & TOLL PLLC
1100 New York Avenue N.W. Fifth Floor
Washington, D.C. 20005
Telephone: 202-408-4600
Facsimile: 202-408-4699 jsellers@cohenmilstein.com bcorman@cohenmilstein.com adeich@cohenmilstein.com

Janette McCarthy-Wallace, Bar No. OH066257
Anthony P. Ashton, Bar No. MD25220
NAACP
Office of General Counsel
4805 Mount Hope Drive
Baltimore, MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

  /s/     Reginald M. Skinner
Reginald M. Skinner
Jonathan R. Myers, D.C. Bar No. 1601183
John B. Martin
U.S. DEPARTMENT OF JUSTICE, CIVIL DIVISION
175 N Street NE
Washington, DC 20002
Tel: 202-305-8049
Fax: 202-616-431
reginald.m.skinner@usdoj.gov
jonathan.r.myers@usdoj.gov
john.b.martin@usdoj.gov

*Attorneys for United States of America*

  /s/     John Daniel Hull, IV
John Daniel Hull, IV, DC Bar No. 323006
HULL MCGUIRE PC
1420 N Street, NW
Washington, DC 20005
Tel: 202-439-6520
jdhull@hullmcguire.com

Ronald Coleman,
COLEMAN LAW FIRM
50 Park Place, Suite 1105
Newark, NJ 07102
Tel: 973-264-9611
rcoleman@colemanlaw-pc.com

*Attorneys for Defendant Enrique Tarrio*

  /s/     Jonathan M. Shaw
Jonathan M. Shaw, D.C. Bar No. 446249
Dhillon Law Group, Inc.
2121 Eisenhower Ave, Suite 402
Alexandria, Virginia 22314
Tel: 703-574-1206
Fax: 415-520-6593
jshaw@dhillonlaw.com

*Attorney for Defendant Donald J. Trump*

10

 /s/ *Noah Brozinsky*  
Matthew Kaiser, D.C. Bar No. 486272  
Noah Brozinsky, D.C. Bar No. 1655789  
KAISER PLLC  
1099 Fourteenth Street N.W.  
8th Floor Washington, D.C. 20005  
Telephone: 202-640-2850  
mkaiser@kaiserlaw.com  
nbrozinsky@kaiserlaw.com  

Philip Andonian, D.C. Bar No. 490792  
Joseph Caleb, D.C. Bar No. 495383  
CALEBANDONIAN PLLC  
1100 H Street N.W. Suite 315  
Washington, D.C. 20005  
Telephone: 202-953-9850  
phil@calebandonian.com  
joe@calebandonian.com  

*Attorneys for Plaintiff Eric Swalwell*  


 /s/ *Mark S. Zaid*  
Mark S. Zaid, Esq., D.C. Bar No. 440532  
Bradley P. Moss, Esq., D.C. Bar No. 975905 MARK S. ZAID, P.C.  
1250 Connecticut Avenue N.W. Suite 700  
Washington, D.C. 20036  
Telephone: 202-498-0011  
Facsimile: 202-330-5610  
Mark@MarkZaid.com  
Brad@MarkZaid.com  

Matthew Kaiser, D.C. Bar No. 486272  
Noah Brozinsky, D.C. Bar No. 1655789  
90017805 KAISER PLLC  
1099 Fourteenth Street N.W. 8th Floor  
Washington, D.C. 20005  
Telephone: 202-640-2850  
mkaiser@kaiserlaw.com  
nbrozinsky@kaiserlaw.com  

Philip Andonian, D.C. Bar No. 490792  
Joseph Caleb, D.C. Bar No. 495383  
CALEBANDONIAN PLLC  
1100 H Street N.W. Suite 315  

 /s/     *Carolyn A. Stewart*  
Carolyn A. Stewart, D.D.C. Bar No. FL-0098  
Defense Attorney  
Stewart Country Law PA  
1204 Swilley Rd.  
Plant City, FL 33567  
Tel: 813-659-5178  
Carolsteweart_esq@protonmail.com  

*Attorney for Defendant Kelly Meggs*  

 /s/     *Patrick Trainor*  
Patrick Trainor, Esq., *pro hac vice*  
LAW OFFICE OF PATRICK TRAINOR  
19 Union Avenue, Suite 201  
Rutherford, New Jersey 07070  
Tel: 201-777-3327  
Fax: 201-896-7815  
pt@ptesq.com  

*Attorney for Defendant Zachary Rehl*  

11

Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

## **CERTIFICATE OF SERVICE**

I certify that on August 15, 2025, I served a copy of the foregoing filing on all parties of record by filing it with the Clerk of the Court through the CM/ECF system, which will provide electronic notice to all attorneys of record. Plaintiffs are serving the remaining Defendants via first class mail or other permitted means.

Dated: August 15, 2025         By:         _/s/   Joshua S. Margolin_
                                                          Joshua S. Margolin