**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BARBARA J. LEE *et al.*, <br>         *Plaintiffs*, <br> v. <br> DONALD J. TRUMP *et al.*, <br>         *Defendants*. | Case No. 21-cv-00400 (APM) <br> (lead case) |
| ERIC SWALWELL, <br>         *Plaintiff*, <br> v. <br> DONALD J. TRUMP *et al.*, <br>         *Defendants*. | Case No. 21-cv-00586 (APM) <br> (consolidated case) |
| JAMES BLASSINGAME *et. al.*, <br>         *Plaintiffs*, <br> v. <br> DONALD J. TRUMP, <br>         *Defendant*. | Case No. 21-cv-00858 (APM) <br> (consolidated case) |
| CONRAD SMITH *et al.*, <br>         *Plaintiffs*, <br> v. <br> DONALD J. TRUMP *et al.*, <br>         *Defendants*. | Case No. 21-cv-02265 (APM) <br> (consolidated case) |
| MARCUS J. MOORE *et al.*, <br>         *Plaintiffs*, <br> v. <br> DONALD J. TRUMP, <br>         *Defendant*. | Case No. 22-cv-00010 (APM) <br> (consolidated case) |

| | |
|---|---|
| BOBBY TABRON *et al.*,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>*Defendants*. | Case No. 22-cv-00011 (APM)<br><br>(consolidated case) |
| BRIANA KIRKLAND,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP,<br><br>*Defendant*. | Case No. 22-cv-00034 (APM)<br><br>(consolidated case) |
| SANDRA GARZA,<br><br>*Plaintiff*,<br><br>v.<br><br>DONALD J. TRUMP *et al.*,<br><br>*Defendants*. | Case No. 23-cv-00038 (APM)<br><br>(consolidated case) |

## JOINT STATEMENT REGARDING PROPOSED BRIEFING SCHEDULE FOR FURTHER PROCEEDINGS

The parties, by and through their undersigned counsel, submit this Joint Statement Regarding Proposed Briefing Schedule for Further Proceedings.

**Introduction**

The parties have met and conferred regarding a schedule for further case proceedings; however, they have not reached agreement on the proposed briefing deadlines for this action. The parties are therefore submitting competing schedule proposals, and their respective positions are below. The parties have also met and conferred regarding a discovery dispute over the number of interrogatories Plaintiffs have served on Defendant. The parties' respective positions regarding that dispute are also presented below.

1

**Plaintiffs' Position**

Briefing Schedule: The period for immunity-related discovery closed on December 4, 2024. At the post-discovery status conference held on December 6, 2024, Plaintiffs proposed a schedule for briefing Defendant's entitlement to immunity from this action. The deadlines that Plaintiffs originally proposed are set forth below:

| Event | Plaintiffs' Original Proposed Deadline |
|---|---|
| Trump's Motion for Summary Judgment to Confirm Availability of Immunity | **January 10, 2025** |
| Plaintiffs' Opposition to Trump's Motion to Confirm Immunity and possible Plaintiffs' Cross Motion to challenge Trump's immunity claim | **February 14, 2025** [5-week interval from prior deadline] |
| Trump's Reply in Support of Motion for Summary Judgment and possibly Opposition to Plaintiffs' Cross-Motion | **March 21, 2025** [5-week interval from prior deadline] |
| Possible Plaintiffs' Reply in Support of Cross-Motion | **April 11, 2025** [3-week interval from prior deadline] |

Based on counsel for Defendant's representation at the last status conference that they lacked the resources, at least at that time, to prepare briefing on immunity on the schedule Plaintiffs proposed, the parties agreed to confer on whether they could reach agreement on an alternative schedule. Mindful of the Court's expressed preference to rule on the availability of immunity by the summer of 2025 and the hope that briefing could commence by early February, Plaintiffs proposed as an alternative schedule that briefing commence on February 3, 2025, with the remainder of the schedule following the same deadline intervals as presented in their original schedule proposal. The deadlines that Plaintiffs proposed as part of this alternative schedule are as follows:

| Event | Plaintiffs' Subsequent Proposed Deadline |
|---|---|
| Trump's Motion for Summary Judgment to Confirm Availability of Immunity | **February 3, 2025** |
| Plaintiffs' Opposition to Trump's Motion to Confirm Immunity and possible Plaintiffs' Cross Motion to challenge Trump's immunity claim | **March 10, 2025** <br> [5-week interval from prior deadline] |
| Trump's Reply in Support of Motion for Summary Judgment and possibly Opposition to Plaintiffs' Cross-Motion | **April 14, 2025** <br> [5-week interval from prior deadline] |
| Possible Plaintiffs' Reply in Support of Cross-Motion | **May 5, 2025** <br> [3-week interval from prior deadline] |

This alternative schedule appropriately balances President-elect Trump's request for additional time against the need for the litigation to proceed expeditiously. It provides the President-elect nine weeks from the close of fact discovery to file an opening brief and requires Plaintiffs to respond within just five weeks. Accordingly, Plaintiffs propose that the Court enter either of the schedules proposed above.

In addition, Plaintiffs propose that the briefing on immunity be conducted according to Federal Rule of Civil Procedure 56 and the applicable local rules.

Plaintiffs understand that Defendant Trump opposes the filing by Plaintiffs of a cross-motion for summary judgment. Plaintiffs have not determined whether a cross-motion would be needed, but in setting forth a briefing schedule, Plaintiffs ask the Court to rule that a denial of Defendant's motion on immunity would result in the case proceeding to the merits phase (absent an appeal), without the need for a cross-motion by Plaintiffs.

Discovery Dispute: On October 16, 2024, the Court ordered that Plaintiffs "may designate up to 20 more interrogatories" … "to which Defendant Donald J. Trump shall provide a response." Dkt. 126. On November 1, 2024, Plaintiffs designated 18 interrogatories already served on Defendant Trump for which they sought responses pursuant to the Court's October 16 Order. These

3

interrogatories included the contention interrogatories similar to those Defendant Trump had served on Plaintiffs and to which Plaintiffs had already responded.

On December 13, 2024, Defendant Trump responded to these interrogatories, but objected to providing substantive responses to five of the contention interrogatories. One of Plaintiffs' interrogatories asked to "identify each act taken by Donald J. Trump, as identified within the consolidated Complaints, for which You concede President Donald J. Trump was acting in a personal and not official capacity." This interrogatory mirrored the same interrogatory Defendant Trump had served on Plaintiffs, which asked to "identify each act taken by President Donald J. Trump, as identified within Your Complaint," which Defendant Trump defined as the Complaints of all Plaintiffs, "for which You concede President Donald J. Trump enjoys official act immunity and provide all facts which You contend supports Your position." Defendant Trump provided very similar answers to Plaintiffs' interrogatory for each of the Complaints, because of the substantial similarities between each Complaint.

For the remaining interrogatories, Defendant Trump asserts that by answering this interrogatory, Defendant has answered eight separate interrogatories, each in response to the separate Complaints. Therefore, according to Defendant, he need not respond to any of the remaining five contention interrogatories, as Defendant has already responded to 20 interrogatories when counting this single interrogatory as eight separate interrogatories.

Plaintiffs contend that because the Court has "consolidated immunity discovery across [the] eight cases," Dkt. 129, at 1, interrogatories covering the eight cases cannot be considered eight separate interrogatories such that additional interrogatories need not be considered. Plaintiffs' interrogatory described above does not cover eight separate topics because the separate cases have been consolidated for the purpose of discovery. Indeed, Defendant Trump acknowledged as much in his own interrogatories, as the instructions to his interrogatories made clear that the term "You"

4

and "Your" referred to "any Plaintiff to the consolidated action," and therefore any interrogatories regarding "Your Complaint" – such as Defendant's interrogatory described above – covered all the consolidated complaints when seeking information regarding "Your Complaint." Plaintiffs had no reason to consider these interrogatories by Defendant Trump as eight separate interrogatories, and Defendant Trump should not be permitted to do so here just to avoid responding to the remaining interrogatories served on him.

Accordingly, the Court should direct Defendant to respond to the five contention interrogatories which he has steadfastly refused to do in the past.

If the Court agrees with Defendant's position regarding the number of interrogatories served on him, Plaintiffs respectfully request that the Court still order responses to the remaining five interrogatories, as the Court in its October 16 Order permitted Plaintiffs to seek leave of the Court to request any additional interrogatories, and the contention interrogatories will provide especially valuable insight into the evidentiary bases on which Defendant intends to rely on his claim to immunity.

**President Trump's Position:**

Briefing Schedule: At the December 6, 2024, status conference, this Court gave President Trump's counsel time to re-staff this case in light of the pending departures of lead counsel and others working on the case for the new administration. We are pleased to report that we have been working to do so and through a combination of lateral hires (who we expect will join us early next year) and retaining co-counsel (whom we expect to have engaged by the end of this year), we expect we will have soon succeeded in doing so. Of course, those new lawyers will need some time to learn the case and the record to effectively represent President Trump in this matter.

At the status conference, the Court expressed a hope to resolve the immunity issues by this

Summer and asked the parties to propose a briefing schedule consistent with that desire, suggesting that an opening brief from President Trump in early to mid-February would be appropriate. For that reason, we have proposed that our opening brief be due on **February 21, 2025**—that is, just 18 days after Plaintiffs' proposed due date. Given the need for new counsel to immerse themselves in this case and the need for the undersigned—whose personal and professional schedule for next year did not anticipate the increased role that he will be required to play in this matter—to deal with his existing responsibilities to other clients and other courts, we respectfully submit that the additional 18 days is a reasonable scheduling accommodation. President Trump submits that the additional 18 days will not prejudice Defendants, particularly in light of their opposed motion to extend the completion of the briefing schedule well past what President Trump proposes through superfluous cross-motion briefing.

As for the remaining briefs, President Trump has no objection to allowing Plaintiffs five weeks to file an opposition and believes that three weeks will suffice for his reply, which would make those dates **March 28, 2025**, and **April 18, 2025**, respectively.

President Trump notes that Plaintiffs' current proposal involves their filing not just an opposition to President Trump's immunity motion, but also a mirror image cross-motion (apparently seeking a ruling that President Trump is *not* immune) and a reply brief in support of their cross-motion. President Trump objects to this for several important reasons. First, the cross motion would be entirely superfluous, discussing the exact same issues as President Trump's immunity motion. It would create parallel briefings on the same issue. Second and relatedly, Plaintiff's cross-motion would seek the exact same relief that they would otherwise receive from a denial of President Trump's immunity motion. In other words, the cross-motion would accomplish no legitimate purpose whatsoever. Third, it is therefore apparent that by filing a cross-motion, the Plaintiffs seek effectively to obtain an unauthorized sur-reply, in contravention of well-established Federal Rules

6

of procedure. If the Plaintiffs indeed wish to file a sur-reply, they will have an opportunity to seek leave to do so, and they must justify this additional relief by identifying concrete reasons that arise from President Trump's future reply. Fourth, by proposing a cross-motion, the Plaintiffs evidently also seek to add pressure for their request for an earlier opening brief. They do this by extending the overall briefing schedule, thus improperly justifying their effort to demand the earliest possible opening brief date.

There is no reason for this Court to countenance, much less reward, such procedural gamesmanship. Nor is there any reason for the Court or the parties to deal with a duplicative cross-motion that will accomplish nothing substantive. President Trump's proposed three-brief schedule, beginning with his opening brief on February 21, 2025, would bring briefing to a close weeks before the four-brief schedule that Plaintiffs propose. Accordingly, President Trump respectfully submits that the Court should select his proposed three-brief schedule.

Plaintiffs also propose that the briefing on immunity be conducted pursuant to FRCP 56. This may or may not be the correct procedural device, but the undersigned would appreciate an opportunity to consult with incoming co-counsel before committing to a position on that procedural issue.

<u>Discovery Dispute</u>:   This Court's October 16, 2024, Order (Dkt. No. 126), began by recognizing that the normal rules for determining the number of interrogatories that had been propounded applied to this consolidated action when the Court agreed that Plaintiffs' interrogatory asking President Trump to fully explain each non-admission of a request to admit amounted to a separate interrogatory for each such non-admission. As a result, the Court acknowledged that President Trump had already answered far more than the standard 25 interrogatories in this matter, but it granted Plaintiffs latitude to propound an additional 20 interrogatories, taking the total answered well above 100. The consolidation of these eight cases for convenience at the immunity

discovery phase may have justified giving the consolidated plaintiffs additional interrogatories, but it did not magically effect a larger consolidation that turned eight complaints into one.

To the contrary, as the Court knows, there are eight separate groups of plaintiffs, each of which has filed a separate complaint; there is no consolidated complaint. As a result, when Plaintiffs asked President Trump to "identify each act taken by Donald J. Trump, as identified within the consolidated Complaints, for which You concede President Donald J. Trump was acting in a personal and not official capacity," they explicitly and expressly demanded that he undertake the task of analyzing the hundreds of allegations in *each* of eight separate, non-identical complaints. And in good faith President Trump indeed analyzed the separate allegations *in each of those complaints*, as required by the interrogatories. Just as propounding a single request to demand explanations of dozens of denials (of separate requests for admission) did not constitute a single interrogatory under the rules, asking a question that requires eight separate analyses of eight separate, lengthy complaints does not count as a single interrogatory either. Plaintiffs knew that this Court had clearly set forth the rules applicable to counting interrogatories, yet they still placed a heavy discovery burden on President Trump by demanding that he answer this eight-part question. That the results of those eight separate analyses were similar is not surprising. Indeed, Plaintiffs could readily have avoided this issue by propounding an interrogatory that focused on President Trump's position with respect to particular alleged acts, but instead they chose to make President Trump bear the burden of conducting separate analyses of each of their complaints. Their arguments about the collateral consequences of their tactical choice are ill-considered.

Plaintiffs' assertions about President Trump's own interrogatories actually undercut their argument. First, President Trump is a single defendant facing eight sets of plaintiffs, each with its own individual complaint. His interrogatories—which for efficiency took the form of single sets directed to the Consolidated Plaintiffs because the information he wanted from each set of plaintiffs

8

is the same—had to specify that each set of plaintiffs was to respond with respect to its own complaint *precisely because there is no consolidated complaint*. Thus, President Trump's interrogatories did not cover "all" of the complaints as Plaintiffs now assert; they covered "each" such complaint as they had to do in the absence of a consolidated complaint. Second—and tellingly—Plaintiffs never objected to President Trump's interrogatories on the ground that he had propounded too many. This is presumably because President Trump propounded only a grand total of 15 targeted interrogatories, a total which did not include any mega-interrogatories that attempted to shoehorn multiple topics into a single interrogatory. The simple fact is that no set of plaintiffs had to answer more than 15 interrogatories propounded by President Trump in the course of immunity discovery.

Finally, President Trump respectfully submits that Plaintiffs' contingent request for leave to ask yet more interrogatories at this late date, well after the close of immunity discovery, should be denied. The exercise would serve no useful purpose, but would greatly prejudice President Trump, whose counsel are already under-resourced and will be pressed to meet the briefing deadlines without the burden of responding to such additional discovery. And to what end? Plaintiffs cannot take any additional immunity discovery in response to any such responses as the time for such discovery is over, and they will know exactly what evidence President Trump is relying upon when they get his filing in February.

Dated: December 20, 2024                                    Respectfully submitted,

s/ *Joseph Sellers*                                          /s/ *Jonathan M. Shaw*
Joseph M. Sellers, Bar No. 318410          Jonathan M. Shaw, D.C. Bar No. 446249
Brian Corman, Bar No. 1008635              DHILLON LAW GROUP, INC.
Alison S. Deich, Bar No. 1572878           2121 Eisenhower Ave, Suite 402
COHEN MILSTEIN SELLERS & TOLL              Alexandria, Virginia 22314
PLLC                                        Telephone: (703) 574-1206
1100 New York Avenue N.W. Fifth Floor      Facsimile: (415) 520-6593
Washington, D.C. 20005                     jshaw@dhllonlaw.com
Telephone: 202-408-4600

9

Facsimile: 202-408-4699
jsellers@cohenmilstein.com
bcorman@cohenmilstein.com
adeich@cohenmilstein.com

Janette McCarthy-Wallace, Bar No. OH066257 Anthony P. Ashton, Bar No. MD25220
Anna Kathryn Barnes Barry,
D.C. Bar No.
1719493 NAACP
Office of General
Counsel 4805 Mount
Hope Drive Baltimore,
MD 21215
Telephone: 410-580-5777
jlouard@naacpnet.org
aashton@naacpnet.org
abarnes@naacpnet.org

*Attorneys for Plaintiffs Barbara J. Lee, et al.*

/s/ Matthew Kaiser
Matthew Kaiser, D.C. Bar No. 486272
Sarah Fink, D.C. Bar No. 166663
KAISER PLLC
1099 Fourteenth Street N.W.
8th Floor Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
sfink@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792
Joseph Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Eric Swalwell*

/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556

Jesse R. Binnall VA022
BINNALL LAW GROUP, PLLC
717 King Street, Suite 200
Alexandria, VA 22314
Telephone: (703) 888-1943
Facsimile: (703) 888-1930
jesse@binnall.com

*Attorneys for Defendant Donald J. Trump*

10

(application for admission forthcoming)
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

Cameron Kistler, Bar No. 1008922
Kristy Parker, Bar No. 1542111
Erica Newland (Bar No. MD0141)
UNITED TO PROTECT DEMOCRACY
2020 Pennsylvania Avenue N.W. #163
Washington, D.C. 20006
Telephone: 202-579-4582
cameron.kistler@protectdemocracy.org
kristy.parker@protectdemocracy.org
erica.newland@protectdemocracy.org


Genevieve C. Nadeau, Bar No. 979410
UNITED TO PROTECT DEMOCRACY
15 Main Street, Suite 312
Watertown, MA 02472
Telephone: 202-579-4582
genevieve.nadeau@protectdemocracy.org

*Attorneys for Plaintiffs James Blassingame and Sidney Hemby*

/s/ Edward Caspar
Edward G. Caspar, D.C. Bar No. 1644168
David Brody, D.C. Bar No. 1021476
Marc P. Epstein, D.C. Bar No. 90003967
LAWYERS' COMMITTEE FOR
CIVIL RIGHTS UNDER LAW
1500 K Street N.W. Suite 900
Washington, D.C. 20005
Telephone: 202-662-8390
ecaspar@lawyerscommittee.org
dbrody@lawyerscommittee.org
mepstein@lawyerscommittee.org

Faith E. Gay, *pro hac vice*
Joshua S. Margolin, *pro hac vice*
Claire O'Brien, *pro hac vice*

11

Elizabeth H. Snow, *pro hac vice*
Babak Ghafarzade, *pro hac vice*
Esther D. Ness, *pro hac vice*
SELENDY GAY PLLC
1290 Avenue of the Americas
New York, NY 10104
Telephone: 212-390-9000
fgay@selendygay.com
jmargolin@selendygay.com
cobrien@selendygay.com
esnow@selendygay.com
bghafarzade@selendygay.com
eness@selendygay.com

William J. Blechman, *pro hac vice*
Elizabeth B. Honkonen, *pro hac vice*
KENNY NACHWALTER, P.A.
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: 305-373-1000
wblechman@knpa.com
ehonkonen@knpa.com

*Attorneys for Plaintiffs Conrad Smith, et al.*

/s/ Mark Zaid
Mark S. Zaid, Esq., D.C. Bar No. 440532
Bradley P. Moss, Esq., D.C. Bar No. 975905
MARK S. ZAID, P.C.
1250 Connecticut Avenue N.W. Suite 700
Washington, D.C. 20036
Telephone: 202-498-0011
Facsimile: 202-330-5610
Mark@MarkZaid.com
Brad@MarkZaid.com

Matthew Kaiser, D.C. Bar No. 486272
Noah Brozinsky, D.C. Bar No. 1655789
KAISER PLLC
1099 Fourteenth Street N.W. 8th Floor
Washington, D.C. 20005
Telephone: 202-640-2850
mkaiser@kaiserlaw.com
nbrozinsky@kaiserlaw.com

Philip Andonian, D.C. Bar No. 490792 Joseph

Caleb, D.C. Bar No. 495383
CALEBANDONIAN PLLC
1100 H Street N.W. Suite 315
Washington, D.C. 20005
Telephone: 202-953-9850
phil@calebandonian.com
joe@calebandonian.com

*Attorneys for Plaintiff Sandra Garza*

/s/ Patrick Malone
Patrick A. Malone, Bar No. 397142
Daniel Scialpi, Bar No. 997556
PATRICK MALONE & ASSOCIATES, P.C.
1310 L Street N.W. Suite 800
Washington, D.C. 20005
Telephone: 202-742-1500
Facsimile: 202-742-1515
pmalone@patrickmalonelaw.com
dscialpi@patrickmalonelaw.com

*Attorneys for Plaintiffs Marcus J. Moore et al.; Bobby Tabron et al.; and Briana Kirkland*